MAYS, ADM'R, &C., *vs.* KING.

[MOTION TO DISMISS APPEAL.]

1. *Bond, or security for costs, necessary to constitute valid appeal.*—A valid appeal cannot be taken, without giving bond, or security for costs, within the period prescribed by the statute of limitations governing appeals: when application is made for an appeal within the prescribed period, but no bond, or security for costs, is given until after its expiration, the appeal will be dismissed on motion.

APPEAL from Court of Probate of Lowndes.

CLOPTON & LIGON, and JAS. E. BELSER, for appellant.

WATTS, JUDGE & JACKSON, *contra.*

WALKER, J.—In this case, a motion is made to dismiss the appeal. The object of the appeal is, to revise a decree of the probate court, on the final settlement of the accounts of an administrator. More than six months elapsed, after the rendition of the decree, before the appeal was taken, or the appeal bond was given. Cotemporaneously with the motion to dismiss the appeal, the appellant suggests, that an appeal was really taken before the expiration of the six months, and that a writ of error bond was given at the time; but no appeal bond, or security for costs, was given. Upon that suggestion, his appellant asks a *certiorari* to the probate judge, to obtain the certificate that the appeal was taken within the six months. The *certiorari* is asked upon the supposition, that it is sufficient to protect the appellant from an application of the limitation of six months, if the appeal was prayed within that time, notwithstanding the appeal bond, or security for costs, was given after the expiration of the six months. According to the construction of the sections of the Code bearing upon the subject, there is no appeal until the bond, or security for costs, is given. Consequently, a *certiorari* would be useless, and it is therefore. refused. Upon the authorities cited below, the appeal is dismissed.—Code, § 1888; Carey v. McDougald, 25 Ala. 109; Thompson v. Lee, at the present term.