WRIGHT, Presiding Judge.
We are asked to review the circuit court’s dismissal of a real estate broker’s appeal from findings of the Alabama Real Estate Commission.
Calvin Mallory, a licensed agent and broker, was found guilty of certain violations by the Commission and his real estate license was permanently revoked. The Commission’s oral hearing was held on May 22, 1978, and Mallory formally received notice of its findings on May 27, 1978. Mallory, acting pro se, filed notice of appeal to the circuit court on June 12, 1978, pursuant to § 34-27-38, Code of Alabama (1975). According to Mallory, he was unaware of the statute’s requirement that a $200 bond be posted with the circuit clerk in order to prosecute an appeal. Subsequently, upon learning of the bond requirement, Mallory tendered a $200 check to the clerk on June 27, 1978. However, the 27th of June was the thirty-first day after Mallory had been formally notified of the Commission’s findings, and the circuit court granted the Commission’s motion to dismiss the appeal as untimely. Mallory seeks review of the order of dismissal.
The question presented is of first impression and requires a statutory interpretation.
“Findings made by the commission are deemed conclusive, unless within 30 days after notice of the decision of the commission has been given to an applicant or accused, said applicant or accused shall appeal said finding or ruling to the circuit court of the county of his residence. In the event of such an appeal, the circuit court shall hear the same de novo. Such appeal shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken. Any party taking an appeal shall post a satisfactory bond in the amount of $200.00 with the clerk of the circuit court, with at least one solvent surety, conditioned to prosecute such appeal to effect and, upon failure to do so, to pay all costs and damages which may be adjudged against said party by the circuit court on such appeal. The clerk of the circuit court shall notify the executive director and assistant executive director of the commission of the appeal after the clerk has approved the appellant’s bond, and the executive director and assistant executive director of the commission shall forthwith forward to the clerk of the circuit court and the charge against the applicant or licensee and the findings or rulings of the commission. . . .” § 34r-27-38, Code of Alabama 1975 with 1978 Amendment. (Emphasis added).
Mallory contends that the perfecting of an appeal under the statute is the filing of the notice of appeal within thirty days from the date of the Commission’s decision.
The Commissiori submits that the filing of notice of appeal and the filing of the bond within thirty days are both required for perfection of an appeal under the statute. The Commission cites Taylor v. Major Finance Co., 292 Ala. 643, 299 So.2d 247 (1974), for the proposition that an appeal is *25 perfected upon the filing of a good and sufficient surety for costs of appeal.
Our research discloses no case that deals with the requirements to perfect an appeal from findings of the Real Estate Commission under § 34 — 27-38, Code of Alabama (1975) or its predecessor statute, ;Tit. 46, § 311(14), Code of Alabama (1940) (Recompiled 1958). The Taylor case cited by both sides is illustrative of the general rule that prevailed in appeals from the circuit courts to the Court of Civil Appeals and Supreme Court before the enactment of the Alabama Rules of Appellate Procedure (ARAP) in 1975. Before ARAP, it was the filing of security for costs which perfected the appeal and fixed the appellate court’s jurisdiction in reviewing decrees from circuit courts. Tit. 7, § 766, Code of Alabama (1940) (Recompiled 1958). The rule is now that the failure to give security for costs is not fatal to appellate jurisdiction, but it is the timely filing of a notice of appeal that is jurisdictional. Bryan v. Brown, 339 So.2d 577 (Ala.1976).
Of course the appeal in question is not governed by the ARAP but is instead purely statutory. We, however, feel that the principle embodied in the ARAP can be applied by analogy to the statute before us. Section 34 — 27—38, Code of Alabama (1975) provides that “appeal shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken.” Although the statute contains other language which requires an appellant to post a $200 bond and have the bond approved by the circuit clerk, the appeal is perfected and jurisdiction of the circuit court attaches upon the filing of a notice of appeal. The posting of a satisfactory bond of $200 is merely procedural. Failure to file the bond would be ground for dismissal of the appeal. In fact the clerk is not required to notify the Commission that an appeal has been taken until after he or she approves the bond.
The trial court below erred by granting the Commission’s motion to dismiss Mallory’s appeal as untimely because he did not tender his surety bond until the thirty-first day after being informed of the Commission’s decision. The matter is reversed and remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.