BEATTY, Justice.
This case presents the question of whether timely filing of an appeal bond is a jurisdictional prerequisite for appeal from a misdemeanor conviction in district court. We conclude that the circuit court’s jurisdiction of such an appeal does not depend on the filing of an appeal bond.
William George Buckner was convicted in the District Court of Shelby County of a misdemeanor, driving an overweight truck in violation of Code of Ala.1975, § 32-9-20. After the district court denied his motion for a new trial, Buckner filed a timely notice of appeal to the circuit court in accordance with Code of Ala.1975, § 12-12-70(b), which provides:
“A defendant may appeal from a final judgment in a criminal case by filing notice of appeal, together with any bond required by law or rule, within 14 days from the date of judgment or the date of a posttrial motion, whichever is later, unless the appeal is to an appellate court....” (Emphasis added.)
The State then filed in the circuit court a motion to dismiss, claiming the appeal “was improperly perfected in that notice of appeal was not accompanied by the appropriate bond as required by § 12-12-70(b) of the Code of Alabama.” The circuit court granted the motion to dismiss, and the Court of Criminal Appeals affirmed without opinion.
Under § 12-12-70(b) it is only a “bond required by law or rule” that must accompany the notice of appeal. Yet, the State has cited no law or rule requiring a bond to perfect an appeal. We must conclude that the filing of an appeal bond is not a jurisdictional requirement for appeal of a misdemeanor conviction from district to circuit court. This holding is consistent with the practice in the former county courts, where the purpose of the appeal bond was “not to confer jurisdiction on the circuit court but to enable the defendant to release himself from custody pending the appeal,” Ex parte Rodgers, 12 Ala.App. 218, 226, 67 So. 710, 713 (1915) (construing Code 1907, § 6725, Code 1940, Tit. 13, § 349, Repealed by Acts 1975, No. 1205, § 4-134). Similarly, our holding is consistent with present practice in appeals of misdemeanor convictions from circuit to appellate courts, for which Code of Ala.1975, § 12-22-171, makes posting bail discretionary with the defendant at any time pending the appeal.
*1198 We reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Justices concur.