This case involves the dismissal of an appeal to circuit court.
Richard C Luce, pro se, filed a notice of appeal to the circuit court from a district court judgment against him and favoring George C. Huddleston. Huddleston filed a motion to dismiss Luce's appeal, alleging that Luce had failed or refused to timely post security for the costs, citing, inter alia, Ala. Code 1975, § 12-12-70. Luce ultimately posted security for costs; however, the circuit court granted Huddleston's motion to dismiss. Luce appeals.
Luce contends on appeal that the posting of security need not be contemporaneous with the notice of appeal to perfect an appeal from district to circuit court.
Ala. Code 1975, § 12-12-70(a), states in pertinent part:
 "Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later . . . together *Page 820 
with security for costs as required by law or rule."
A party attempting to appeal a ruling from district to circuit court must file a "bond for costs or affidavit of substantial hardship, approved by the court, in lieu of said bond." Rule 62(dc)(5), A.R.Civ.P.; Hardeman v. Mayfield,429 So.2d 1097 (Ala.Civ.App. 1983).
It is undisputed that Luce timely filed his notice of appeal. It is also undisputed that Luce posted security beyond the 14-day appeal time. Therefore, the dispositive issue is whether Luce's belated posting of security was sufficient for the circuit court to assume jurisdiction over the cause.
Posting security for costs is a jurisdictional prerequisite for perfecting an appeal from the district to the circuit court, and failure to file a bond for costs creates a jurisdictional defect. Lowrey v. SouthTrust Bank of Huntsville,N.A., 530 So.2d 844 (Ala.Civ.App. 1988); Boudreaux v. House,479 So.2d 1291 (Ala.Civ.App. 1985); Gomillion v. WhatleySupply Co., 446 So.2d 52 (Ala.Civ.App. 1984); and Hand v.Thornburg, 425 So.2d 467 (Ala.Civ.App. 1982). These cases, however, are not controlling in that they involved either the total failure to post security or the sufficiency of the bond.
Failure to timely post security for costs is not fatal to jurisdiction in cases involving an appeal from circuit to appellate courts. Bryan v. Brown, 339 So.2d 577 (Ala. 1976). The timely filing of a notice of appeal is jurisdictional.Bryan, supra. See also Committee Comments to Rule 7, A.R.App.P. Although the Rules of Appellate Procedure do not govern appeals from district court or probate court, Rule 1, A.R.App.P., Finchv. Finch, 468 So.2d 151 (Ala. 1985), and Hardeman,supra, the principles found in Rule 7, A.R.App.P., can be applied. See Mallory v. Alabama Real Estate Commission,369 So.2d 23 (Ala.Civ.App. 1979).
The rule that probate court cases require that security for costs be posted within the statutory time for taking an appeal, see Journequin v. Land, 235 Ala. 29, 177 So. 132
(1937), and Mays v. King, 28 Ala. 690 (1856), was abrogated by Ala. Code 1975, § 12-22-25, which states in part that "the filing of security for costs is not a jurisdictional prerequisite." Our Supreme Court has analogized probate court cases in analyzing district court cases. See, e.g., Finch,supra. As additional persuasive authority, we note that, in cases involving misdemeanor conviction appeals from district to circuit court pursuant to Ala. Code 1975, § 12-12-70(b), the filing of an appeal bond is not a jurisdictional requirement.Ex parte Buckner, 435 So.2d 1197 (Ala. 1982). Nothing in the above-cited statutes and cases suggests that posting security for costs within the statutory time limit for appeal
is a jurisdictional requirement for perfecting appeal. Timely posting of security is not required in appellate cases, nor in probate to circuit court appeals, nor in misdemeanor conviction appeals from district to circuit court. To require contemporaneous posting of security for costs with the appeal from district to circuit court would be to continue a vestige from an earlier era of strict pleading and practice.
Further, we reiterate the legal procedural philosophy stated in Hand at 469, that "[m]yriad changes have been made in the past decade in an attempt to eliminate, or soften the effect of, ultra technical rules of civil trial and appellate procedures thereby striving for a just, speedy and inexpensive determination of each civil action upon its merits." See Rule 1(c), A.R.Civ.P.
Nothing in this opinion eliminates the requirements of Ala. Code 1975, § 12-12-70(a), or Rule 62(dc)(5), A.R.Civ.P., that an appellant from district to circuit court must post security. Rather, this opinion should be construed as meaning that it is the timely filing of the notice of appeal which is jurisdictional.
In view of the above, the judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Huddleston's request for relief pursuant to Rule 38, A.R.App.P., is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur. *Page 821