CRAWLEY, Judge.
In November 1993, Shirley Sistrunk Frazier filed in the Macon Probate Court a complaint for condemnation of a right-of-way. The defendants were Carolyn L. Floyd, the owner of a life interest in the subject property, and L.R. Floyd and R.T. Floyd, the owners of a remainder interest in the subject property. The probate court dismissed the complaint. Frazier appealed the dismissal to the Macon Circuit Court. She did not file a security for costs with her notice of appeal; the trial court ruled that the filing of a bond for security for costs is jurisdictional and dismissed her appeal. Frazier did file in the circuit court a security for costs after she had filed her notice of appeal and before the court dismissed that appeal.
Frazier appeals, arguing that the filing of a bond for security of costs is not jurisdictional. She relies on this court’s holding in Luce v. Huddleston, 628 So.2d 819 (Aa.Civ.App.1993). In that case, Judge Thigpen, writing for the court, stated:
“The rule that probate court cases require that security for costs be posted within the statutory time for taking an appeal, see Journequin v. Land, 235 Ala. 29, 177 So. 132 (1937), and Mays v. King, 28 Ala. 690 (1856), was abrogated by Ala. Code 1975, § 12-22-25, which states in part that ‘the filing of security for costs is not a jurisdictional prerequisite.’ ”
628 So.2d at 820. Floyd argues that this statement in Luce regarding security for costs in appeals from the probate court is merely dictum because the issue in Luce was whether a bond for security for costs must be filed contemporaneously with a notice of appeal from the district court to the circuit court.
We agree with Floyd that this statement was dictum in Luce; however, we adopt that statement as the holding in this case. Sections 18-1A-283 and -286, Aa.Code 1975, provide for the procedure for appealing a probate court’s condemnation order to the circuit court. Neither section requires a contemporaneous filing of a security for costs. Furthermore, as Judge Thigpen reasoned in Luce, the requirement of a contemporaneous filing of a security for costs along with a notice of appeal is a “vestige from an earlier era of strict pleading and practice.” 628 So.2d at 820. Therefore, we reverse the circuit court’s judgment dismissing Frazier’s *1264 appeal for failure to file a security for costs contemporaneously with her notice of appeal.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.