MADDOX, Retired Justice.
This case involves the probate of two estates. The sole legal question presented is whether the circuit court, to which the case was appealed from the Houston County Probate Court, erred in dismissing the appeal on the basis that Howard Eugene Womack, originally named as a co-personal representative of the estates of his parents, failed to post a supersedeas bond or to file an affidavit of substantial hardship in support of his motion to proceed without filing a supersedeas bond. We affirm in part, reverse in part, and remand.
Howard Burnell Womack died on July 25, 1998, and his wife, Mabel Womack, died on December 18, 1999. A petition to probate the will of each decedent was filed on January 20, 2000, in the Probate Court of Houston County. The two children and heirs of the decedents, Beverly Womack McLeod (“McLeod”), and Howard Eugene *140 Womack (“Womack”), were appointed co-personal representatives of both estates. On March 16, 2000, McLeod filed motions in the probate court in both estates to remove Womack as a personal representative.[1] As grounds for Womack’s removal, McLeod alleged in her motions that Wom-ack had been convicted of a felony and that he was then on probation, that he had been previously found liable for fraudulent misrepresentation, that he had been involved in an unauthorized transfer of assets, that he owed money to the estates, and that he was unfit to serve as personal representative. On April 7, 2000, the probate court granted the motions in both estates, and Womack was removed as a personal representative of both estates. The probate court then consolidated the estates on April 19, 2000.
The consolidated estates (hereinafter together referred to as “the estate”) were audited; they were valued at $808,100. Of that amount, $175,000 consisted of a promissory note evidencing a debt owed to the estate by Womack. Womack claimed that his father had forgiven the debt, and the probate court set a hearing on that issue on November 28, 2000, at which Womack presented evidence in support of his contention that the debt had been forgiven. He called two witnesses in support of his claim, but the probate court, in its order of December 15, 2000, rejected Womack’s claim that the debt had been forgiven. The probate judge’s order was based on the testimony of Womack’s witnesses, who admitted they had not actually witnessed his father’s signature marking the note paid in full.[2] The probate court ordered that one-half of the debt be deducted from Womack’s share of the residuary estate.
On December 27, 2000, Womack filed a notice of appeal to the circuit court, stating that he was appealing from the probate court’s order of final settlement. On January 30, 2001, Womack filed a motion for a jury trial, which the estate opposed.
On February 23, 2001, the estate filed a motion to dismiss the appeal, citing various grounds, including that Womack had failed to pay the circuit court docket fee and that he had also failed to provide a supersedeas bond.
The circuit court held a hearing on the estate’s motion to dismiss; it subsequently ordered Womack to pay the circuit court costs and to provide a supersedeas bond in the amount of $275,000, by the close of business on March 21, 2001.
On March 22, 2001, Womack filed a “Motion to Proceed Without Supersedeas Bond.” Womack alleged that he lacked *141 funds or sufficient collateral to obtain a supersedeas bond, and he attached an affidavit stating that he had applied to several companies for a supersedeas bond in the required amount and had been denied the bond because he lacked sufficient collateral.
The estate filed a renewed motion to dismiss. The circuit court set a hearing on both motions, and subsequently entered an order dismissing the appeal, stating, in pertinent part:
“Upon consideration of the motion by [the estate] for dismissal of the appeal ..., on grounds of [Womack’s] failure to post court-ordered supersedeas bond and failure to comply with the appeal process, it is hereby ordered ... that the appeal ... be ... dismissed.... ”
The trial court also ordered that the judgment of the probate court be immediately executed.
As previously stated, the sole issue for this Court to decide is whether the trial court abused its discretion in dismissing the appeal from the probate court on the grounds that Womack failed to post a court-ordered supersedeas bond and failed to comply with the appeal process.
An appeal from a final judgment of the probate court to the circuit court or the Supreme Court is authorized by § 12-22-20, Ala.Code 1975.[3] “This section does not allow for a trial de novo in the circuit court; rather, the circuit court acts in an appellate capacity and may not substitute its judgment for that of the probate court.” Sanders v. Brooks, 611 So.2d 336, 337 (Ala.1992), citing Martin v. Vreeland, 526 So.2d 24 (Ala.1988); see also Prestwood v. Prest-wood, 395 So.2d 8 (Ala.1981), and Smith v. Smith, 596 So.2d 1 (Ala.1992).
In Prine v. Wood, 447 So.2d 725 (Ala.1984), this Court discussed the procedures to be used in such a case:
“[Section] 12-22-21 reads:
“ ‘Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified.... ’ “Rule 1, [Ala.R.App.P.], provides:
“ ‘These rules govern appeals to the Supreme Court of Alabama, the Court of Civil Appeals, the Court of Criminal Appeals, and proceedings on petitions for writs or other relief which these courts or judges thereof are empowered to grant.’
“We find nothing in this rule or the statute to indicate that an appeal from the probate court to the circuit court is governed by the [Ala.R.App.P.] In the absence of rule or statute setting out the procedure to be followed in such a case, we conclude that the circuit court acted within its discretion in determining procedural matters in the appeal. Finding no abuse of that discretion, we hold that there was no error with regard to the prosecution of the appeal.”
447 So.2d at 727-28. More recently, in Russell v. Russell, 758 So.2d 533 (Ala.1999), this Court stated:
*142 “In Prine v. Wood, supra, this Court upheld a circuit court’s denial of a motion to dismiss a party’s appeal for failure to comply with the Alabama Rules of Appellate Procedure. Specifically, this Court held that the circuit court did not abuse its discretion, because appeals from the probate court to the circuit court are not governed by the Alabama Rules of Appellate Procedure. 447 So.2d at 727-28; see also Rule 1, Ala. R.App. P. However, although a circuit court is not required to comply with the Rules of Appellate Procedure when it sits in its appellate capacity, its ‘discretion in determining procedural matters in [an] appeal’ from the probate court includes the discretion to voluntarily apply those rules. Id. at 727-28 (noting that the circuit court had permitted the parties to prepare a statement of the evidence in accordance with Rule 10(d), Ala. R.App. P.).”
758 So.2d at 537-38.
In the present case, the circuit court held a hearing three and a half months after the appeal was filed. At that hearing, it determined that a supersedeas bond was required, and it gave Womack time to obtain the bond. Instead of filing the su-persedeas bond, Womack filed a motion to proceed without a supersedeas bond, stating that he could not obtain one. Six weeks later, the court held another hearing, at which time it dismissed the appeal.
Womack cites Luce v. Huddleston, 628 So.2d 819 (Ala.Civ.App.1993), in support of his argument that the trial court erred in dismissing his appeal. In Luce, the Court of Civil Appeals stated:
“Posting security for costs is a jurisdictional prerequisite for perfecting an appeal from the district to the circuit court, and failure to file a bond for costs creates a jurisdictional defect. Lowrey v. SouthTrust Bank of Huntsville, N.A., 530 So.2d 844 (Ala.Civ.App.1988); Boudreaux v. House, 479 So.2d 1291 (Ala.Civ.App.1985); Gomillion v. Whatley Supply Co., 446 So.2d 52 (Ala.Civ.App.1984); and Hand v. Thornburg, 425 So.2d 467 (Ala.Civ.App.1982). These cases, however, are not controlling in that they involved either the total failure to post security or the sufficiency of the bond.
“Failure to timely post security for costs is not fatal to jurisdiction in cases involving an appeal from circuit to appellate courts. Bryan v. Brown, 339 So.2d 577 (Ala.1976). The timely filing of a notice of appeal is jurisdictional. Bryan, supra. See also Committee Comments to Rule 7, [Ala.]R.App.P. Although the Rules of Appellate Procedure do not govern appeals from district court or probate court, Rule 1, [Ala.]R.App.P., Finch v. Finch, 468 So.2d 151 (Ala.1985), and Hardeman [v. Mayfield, 429 So.2d 1097 (Ala.Civ.App.1983)], supra, the principles found in Rule 7, [Ala.]R.App.P., can be applied. See Mallory v. Alabama Real Estate Commission, 369 So.2d 23 (Ala.Civ.App.1979).
“The rule that probate court cases require that security for costs be posted within the statutory time for taking an appeal, see Journequin v. Land, 235 Ala. 29, 177 So. 132 (1937), and Mays v. King, 28 Ala. 690 (1856), was abrogated by Ala.Code 1975, § 12-22-25, which states in part that ‘the filing of security for costs is not a jurisdictional prerequisite.’ Our Supreme Court has analogized probate court cases in analyzing district court cases. See, e.g., Finch, supra. As additional persuasive authority, we note that, in cases involving misdemeanor conviction appeals from district to circuit court pursuant to Ala. Code 1975, § 12-12-70(b), the filing of an appeal bond is not a jurisdictional requirement. Ex parte Buckner, 435 *143 So.2d 1197 (Ala.1982). Nothing in the above-cited statutes and cases suggests that posting security for costs within the statutory time limit for appeal is a jurisdictional requirement for perfecting appeal. Timely posting of security is not required in appellate cases, nor in probate to circuit court appeals, nor in misdemeanor conviction appeals from district to circuit court. To require contemporaneous posting of security for costs with the appeal from district to circuit court would be to continue a vestige from an earlier era of strict pleading and practice.
“Further, we reiterate the legal procedural philosophy stated in Hand at 469, that ‘[mjyriad changes have been made in the past decade in an attempt to eliminate, or soften the effect of, ultra technical rules of civil trial and appellate procedures thereby striving for a just, speedy and inexpensive determination of each civil action upon its merits.’ See Rule 1(c), [Ala.]R.Civ.P.

“Nothing in this opinion eliminates the requirements of Ala.Code 1975, § 12-12-70(a), or Rule 62(dc)(5), [Ala.] R.Civ.P., that an appellant from district to circuit court must post security. Rather, this opinion should be construed as meaning that it is the timely filing of the notice of appeal which is jurisdictional.”

628 So.2d at 820 (emphasis supplied).
The estate does not disagree with Wom-ack’s argument that he did not have to file security for costs contemporaneously with the filing of his notice of appeal, but it disagrees with his argument that the trial court erred in refusing to allow him to proceed as an indigent. As we construe the holding in Luce, and as the Court of Civil Appeals clearly stated in that opinion, “[njothing in this opinion eliminates the requirements ... that an appellant ... must post security.”
Although, Womack, in his brief, asks this Court to “[pjlease note that [the estate] was never at risk of a loss since the appeal involved a set off issue of only $175,000 while the estate contained total assets of $800,000 and there were only two heirs, one of which was [Womack],” and he asks this Court to reverse the judgment of the circuit court because he “did everything he could to post a $275,000 superse-deas bond and when unable to do so, [he] filed documents and affidavits alleging his efforts to obtain said bond and showing his indigence.” He summarizes his argument, as follows:
“The appellant contends that the trial court should have let the appellant proceed on appeal either because (A) The appellant never requested a stay of execution to the Circuit Court, or (b) Granted the stay of execution on grounds of appellant’s indigence.”
(Emphasis added.) Although Womack points out in his summary of his argument that he never asked the circuit court to stay execution of the probate court judgment, in his brief on appeal, Womack seems to concentrate his argument on whether the trial court should have stayed execution of the judgment of the probate court while the appeal was pending because of his alleged indigence.
As we pointed out earlier, Womack does make the argument that “the trial court should have let [him] proceed on appeal ... because [he] never requested a stay of execution to the Circuit Court”; therefore, we will address that argument, even though it appears to us that Womack primarily wants this Court to reverse the circuit court’s determination that execution on the probate court judgment should not be stayed while he proceeds on appeal, without his having filed a supersedeas bond.
The record shows that, on March 22, 2001, Womack filed his “Motion to Proceed *144 Without Supersedeas Bond,” stating that he was without funds or collateral sufficient to obtain a supersedeas bond. He explained and documented his argument by showing that he had contacted five different bonding insurance companies about writing a $275,000 bond but that all five companies had refused to issue the bond because, he says, he lacked sufficient collateral.
The record also shows that he ultimately paid the circuit court costs, and the record seems to support his contention that he never requested a stay of execution of the probate court’s judgment; therefore, the circuit court should not have dismissed his appeal because he did not post a court-ordered supersedeas bond; on the other hand, the circuit court did not err in refusing to allow him to proceed as an indigent and in refusing to grant a stay of execution on the probate court’s judgment. Consequently, we agree with the estate, which argues that Womack did not sustain his claim that the circuit court should have permitted him to proceed in forma pauperis, as required by the law or by rule. Citing Eckles v. Estate of Richard Leon Deaton, 736 So.2d 595 (Ala.1999), the estate argues that the circuit court did not have before it “a properly executed or sufficiently supported affidavit that would permit it to approve Gene Womack as an indigent,” and that “[t]he final decision lies with the circuit court as appellate court to determine if an appellant in a civil case properly and sufficiently supported an indigent status request....”
Based on the facts in the record in this case, we agree with the estate’s argument that the circuit court is vested with discretion in ruling on a request to proceed in forma pauperis; consequently, based on the facts in this case, we conclude: (1) that the circuit court did not abuse its discretion in finding that Womack was not indigent and that he was not entitled to a stay of execution on the probate court’s judgment based on his indigence; and (2) that the circuit court did not err in denying Womack’s motion for a trial by a jury. Consequently, we affirm the circuit court’s judgment insofar as it denied Womack’s motion for a trial by a jury, insofar as it found that Womack is not indigent, and insofar as it held that Womack is not entitled to a stay of execution on the probate court’s judgment unless he posts a super-sedeas bond; we reverse the judgment of the circuit court insofar as it dismissed Womack’s appeal because he did not post a supersedeas bond; and we remand this cause to the circuit court for further proceedings consistent with this opinion.
This opinion was prepared by Retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12 — 18—10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MOORE, C.J, and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. The motions to remove Womack as personal representative were each styled “Petition to Disqualify Co-Personal Representative and Removal of Counsel of Record.”

. The pertinent portion of the order of the probate court stated:
"Witnesses produced to show write-off of debt owed by Mr. Gene Womack to his father testified that they did not see Mr. Howard Womack sign his name but signed themselves based upon a request by Mr. Gene Womack with whom both expected to continue to do business. Mr. Ross testified that he saw a check bu[t] never talked to Mr. Howard Womack. Mr. McSwain testified that he passed the time of day with Mr. Howard Womack but did not discuss the document he was to sign.
“Mr. Dan Thompson testified that each year Mr. Howard Womack took out a life insurance policy to cover Mr. Gene Wom-ack's indebtedness and evidenced by the last payment, the policy was in force at Mr. Howard Womack's death for March 1998 through March 1999.
"Mr. Howard Womack kept a detailed diary regarding his finances. He meticulously recorded his financial business with his son Gene Womack. There is nothing in his diary to indicate that the debt was paid or forgiven....”

. Section 12-22-20 provides:
"An appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered.”