MOORE, Judge.
Henry L. Penick appealed to the Jefferson Circuit Court from an adverse judgment of the Jefferson District Court in favor of Southpace Management, Inc., as agent for Booker T. Washington Insurance Company. Penick now appeals from the dismissal of that appeal. We reverse.

Background

It appears undisputed that, on September 30, 2010, Penick entered into a written lease agreement with Booker T. Washington Insurance Company (“the lease agreement”) concerning premises located in Birmingham (“the leased premises”). Penick agreed to pay monthly rent in the amount of $1,700.
In November 2011, Southpace, as agent for Booker T. Washington Insurance Company, filed in the district court an unlaw *1017 ful-detainer action, seeking possession of the leased premises, unpaid rents, and attorney fees. After a March 16, 2012, bench trial, at which Penick appeared, the district court entered a judgment in favor of Southpace. The district court ordered that Southpace be restored to possession of the leased premises and, pursuant to Rule 54(b), Ala. R. Civ. P., found no just reason to delay finalizing that aspect of the judgment.[1]
On March 23, 2012, Penick filed a notice of appeal in the circuit court. Penick originally submitted the signatures of two attorneys as security for costs. On March 30, 2012, after learning that the circuit-court clerk would not accept the signatures as security, Penick paid $100 to cover the costs. The circuit-court clerk notified the district court that Penick’s appeal had been filed as of March 30, 2012.
On April 4, 2012, Southpace moved for a summary judgment in its favor on its unlawful-detainer claim. In addition to asserting that Penick had failed to abide by the terms of the lease agreement and that he had failed to make the required rental payments, Southpace asserted that the circuit court lacked subject-matter jurisdiction over Penick’s appeal because he had failed to post an appropriate and sufficient bond within the time allowed for appealing the district court’s judgment. Southpace supported its motion with copies of affidavits and correspondence, the termination notice that had been posted at the leased premises, the lease agreement, and the pleadings, orders, and judgment from the district-court action.
The circuit court originally scheduled a hearing on Southpace’s summary-judgment motion for May 1, 2012. On that date, however, the circuit court rescheduled the hearing for May 11, 2012. On May 10, 2012, the day before the scheduled hearing, Penick filed his opposition to Southpace’s summary-judgment motion and a supporting affidavit. Southpace moved to strike Penick’s opposition and supporting affidavit, asserting that Penick had failed to comply with the time provisions set forth in Rule 56(c), Ala. R. Civ. P., and that it would be prejudiced if the circuit court considered those materials.
On May 17, 2012, the circuit court entered an order granting Southpace’s motion to strike Penick’s opposition to the pending summary-judgment motion. The circuit court also concluded that it lacked subject-matter jurisdiction of Penick’s appeal. The circuit court dismissed Penick’s appeal but ordered the circuit-court clerk to “transfer the case along with the money being held ... in the amount of ... [$5,100] to the District Court for further proceedings in this matter. The money claim [asserted by Southpace] shall remain pending before the District Court.” The circuit court purported to certify its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Penick appealed from that judgment to this court on June 27, 2012.

Analysis

Because it is potentially dispositive of the appeal, we first address Penick’s argument that the circuit court erred in concluding that it lacked subject-matter jurisdiction to consider Penick’s appeal. Although the circuit court stated that Penick’s appeal was untimely, the record establishes that Penick filed his notice of appeal from the district court’s judgment within the period allowed by Ala.Code 1975, § 6-6-350 (“Any party may appeal from a judgment entered against him or *1018 her by a district court to the circuit court at any time within seven days after the entry thereof.”).
Southpace, however, argued before the circuit court that Penick’s notice of appeal was not timely filed because he had failed to provide security for costs in a form acceptable to the circuit-court clerk until after the time to appeal had expired. In support of that argument, Southpace relies on Ala.Code 1975, § 12-12-70(a), which provides, in pertinent part: “Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court ... together with security for costs as required by law or rule.” Penick, however, asserts that the failure to pay costs or to give security in lieu of costs within the time allowed for filing an appeal is not a jurisdictional defect. We agree with Penick.
In Luce v. Huddleston, 628 So.2d 819 (Ala.Civ.App.1993), this court stated:
“Failure to timely post security for costs is not fatal to jurisdiction in cases involving an appeal from circuit to appellate courts. Bryan v. Brown, 339 So.2d 577 (Ala.1976). The timely filing of a notice of appeal is jurisdictional. Bryan, supra. See also Committee Comments to Rule 7, [Ala.] R.App. P. Although the Rules of Appellate Procedure do not govern appeals from district court or probate court, Rule 1, [Ala.] R.App. P., Finch v. Finch, 468 So.2d 151 (Ala.1985), and Hardeman[ v. Mayfield, 429 So.2d 1097 (Ala.Civ.App.1983) ], the principles found in Rule 7, [Ala.] R.App. P., can be applied. See Mallory v. Alabama Real Estate Commission, 369 So.2d 23 (Ala.Civ.App.1979).
“The rule that probate court cases require that security for costs be posted within the statutory time for taking an appeal, see Journequin v. Land, 235 Ala. 29, 177 So. 132 (1937), and Mays v. King, 28 Ala. 690 (1856), was abrogated by Ala.Code 1975, § 12-22-25, which states in part that ‘the filing of security for costs is not a jurisdictional prerequisite.’ Our Supreme Court has analogized probate court cases in analyzing district court cases. See, e.g., Finch, supra. As additional persuasive authority, we note that, in cases involving misdemeanor conviction appeals from district to circuit court pursuant to Ala. Code 1975, § 12-12-70(b), the filing of an appeal bond is not a jurisdictional requirement. Ex parte Buckner, 435 So.2d 1197 (Ala.1982). Nothing in the above-cited statutes and cases suggests that posting security for costs within the statutory time limit for appeal is a jurisdictional requirement for perfecting appeal. Timely posting of security is not required in appellate cases, nor in probate to circuit court appeals, nor in misdemeanor conviction appeals from district to circuit court. To require contemporaneous posting of security for costs with the appeal from district to circuit court would be to continue a vestige from an earlier era of strict pleading and practice.
“Further, we reiterate the legal procedural philosophy stated in Hand [v. Thornburg, 425 So.2d 467,] 469 [ (Ala.Civ.App.1982) ], that ‘[m]yriad changes have been made in the past decade in an attempt to eliminate, or soften the effect of, ultra technical rules of civil trial and appellate procedures thereby striving for a just, speedy and inexpensive determination of each civil action upon its merits.’ See Rule 1(c), [Ala.] R. Civ. P.
“Nothing in this opinion eliminates the requirements of Ala.Code 1975, § 12-12-70(a), or Rule 62(dc)(5), [Ala.] R. Civ. P., that an appellant from district to *1019 circuit court must post security. Rather, this opinion should be construed as meaning that it is the timely filing of the notice of appeal which is jurisdictional.”
628 So.2d at 820.
Based on Luce, supra, we agree with Penick that his failure to pay costs or to give security in lieu of costs within the time frame allowed for filing an appeal was not a jurisdictional defect. Therefore, the circuit court erred in dismissing Penick’s appeal for lack of subject-matter jurisdiction and purporting to transfer the action back to the district court.
Penick also asserts that neither the district court nor the circuit court had personal jurisdiction or subject-matter jurisdiction to hear this action because, he says, Southpace failed to properly serve him with its complaint. We reject Pen-ick’s argument because, based on the record, Penick waived any objection to improper service and submitted himself to the jurisdiction of the district court.
As recognized in Persons v. Summers, 274 Ala. 673, 680, 151 So.2d 210, 214-15 (1963):
“[T]he allegation of the bill shows that ‘complainants requested a continuance of said hearing which was granted .... ’ Service of process is not essential if the party intended to be served appears and defends and submits himself to the jurisdiction of the court. The purpose of process is to bring the defendant into court and may be by him waived.... We consider the appearance requesting a continuance to be a general appearance because we have said that if a defendant intends to rely on want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general.”
The record reveals that Penick properly challenged Southpace’s December 1, 2011, attempt to serve him and the district court granted his motion to quash service. Southpace subsequently moved the district court for permission to amend its complaint, reasserting its unlawful-detainer claim; Southpace asserted that, on December 22, 2011, it had properly served Penick and that he had failed to vacate the leased premises. The district court granted Southpace’s motion, and, thereafter, Pen-ick raised no challenge to service, whether improper or wholly lacking, and he raised no objection to the district court’s jurisdiction over him. In fact, the record indicates that Penick answered Southpace’s complaint and that the district court conducted a trial, at which Penick appeared pro se, on the merits of Southpace’s unlawful-detainer claim. Thus, Penick is deemed to have made a general appearance in the action, to have waived any defects in the method of service, and to have submitted to the jurisdiction of the district court. Persons v. Summers, supra.
Penick next asserts that the circuit court’s May 1, 2012, order, in which it rescheduled the hearing on Southpace’s summary-judgment motion to May 11, 2012, failed to provide him the 10 days’ notice required by Rule 56(c), Ala. R. Civ. P. Penick also asserts that the circuit court erred in striking his opposition to South-pace’s summary-judgment motion.
Penick has raised these arguments for the first time on appeal. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”); and Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) (“This Court cannot put a trial court in error for failing *1020 to consider evidence or accept arguments that, according to the record, were not presented to it.”). Because Penick’s arguments challenging the circuit court’s scheduling of the summary-judgment hearing and its ruling on the motion to strike were not presented to the circuit court, we will not address them.
As his final argument, Penick asserts that the circuit court improperly certified its May 17, 2012, order as final pursuant to Rule 54(b), Ala. R. Civ. P. He asserts that Southpace’s claim for unpaid rents and other damages have not been resolved and that, as a result, his appeal should be dismissed as being from a nonfi-nal judgment with instructions to the circuit court to vacate the order awarding Southpace possession of the leased premises. We conclude that the circuit court’s Rule 54(b) certification was a nullity because Southpace’s money claim was not before the circuit court; that claim remained pending in the district court, which had not entered a final judgment as to that claim.[2]
We reverse the circuit court’s judgment to the extent it dismissed Penick’s appeal for lack of subject-matter jurisdiction.[3] The cause is remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The district court also found that rent in the amount of $1,700 per month had accrued since the filing of Southpace's complaint and granted leave to Southpace to prove its damages against Penick.

. We note that, in unlawful-detainer actions, certification pursuant to Rule 54(b) of an order in which a trial court has granted a landlord possession of property but reserved judgment as to the amount of unpaid rent or damages is not an uncommon practice. See, e.g., Subway Real Estate Corp. v. Century Plaza Co., 624 So.2d 1052, 1054 (Ala.1993) (circuit court directed entry of a final judgment, pursuant to Rule 54(b), on its order finding that tenant should be restored to possession of the leased premises on unlawful-detainer claim even though genuine issues of material facts existed as to the remaining claims, which included the landlord’s claims for unpaid rents, breach of contract, breach of a promissory note, and breach of guaranty agreement, as well as the tenants' counterclaims of fraud, wrongful termination of a lease, breach of contract, tortious interference with business relations, and breach of duty to mitigate damages); Lovejoy v. Interest Corp., 794 So.2d 1205, 1206 (Ala.Civ.App.2001) (reviewing judgment in an unlawful-detainer action that had been appealed to the circuit court, in which the district court had found in favor of the landlord on the possession claim and had certified that order as final pursuant to Rule 54(b) " 'with leave to prove damages against [the tenant] on the money claim' ”); and Whitman v. Hughes, 581 So.2d 1112, 1113 (Ala.Civ.App.1991) (reviewing appeal from circuit court’s judgment, which had been certified pursuant to Rule 54(b), on the landlord’s claims alleging unlawful detainer and seeking eviction while "[a]ll issues concerning damages to the lessee for the value of his improvements were reserved for a jury trial”).

. Because the circuit court purported to dismiss the cause for lack of subject-matter jurisdiction, it did not address the merits of the alternative argument asserted in Southpace’s summary-judgment motion. Therefore, the motion remains pending before the circuit court.