MOORE, Chief Justice
(dissenting).
The issue raised by these three appeals is whether filing a cost bond within the 30-day statutory period for taking an appeal to the circuit court from a property-assessment decision by a county board of equalization is a jurisdictional requirement for perfecting the appeal. Because I believe that filing a bond for costs is merely a procedural requirement, namely a correctable deficiency, I respectfully dissent from this Court’s opinion affirming the judgments of the trial court.

*610
Facts and Procedural History

Edwin B. Lumpkin, Jr., owns three self-storage facilities in Birmingham, which correspond with these three identical appeals. He filed timely notices of appeal from property-tax assessments by the Jefferson County Board of Equalization and Adjustments, but he did not file cost bonds until the State’s trial brief alerted him to that omission some 17 months after the notices of appeal had been filed. The State moved to dismiss the appeals as jurisdictionally barred for failure to file the cost bonds within the -30-day appeal period. The trial court agreed and dismissed the appeals. The majority affirms.

Discussion

The pertinent portion of the relevant statute reads as follows:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs, and the taxpayer or the state shall have the right to demand a trial by jury by filing a written demand therefor within 10 days after the appeal is taken.”
§ 40-3-25, Ala.Code 1975 (emphasis added).
In Ex parte Shelby County Board of Equalization, 159 So.3d 1 (Ala.2014), this Court recently stated:
“The initial sentence of § 40-3-25 clearly establishes a 30-day time frame for appealing the Board’s final assessment to the circuit court. The sentence that follows provides that, in order to perfect the appeal, the requisite notice of appeal must be filed with both the Board and with the circuit clerk. In light of the plain language of the Code section, this Court finds persuasive the Board’s reliance on the analysis of the Court of Civil Appeals in State v. Crenshaw, 47 Ala. App. 3, 249 So.2d 617 (1970), in which, in considering the identical language of the predecessor statute to § 40-3-25, that court explained:
“ ‘[A] taxpayer may perfect an appeal from a final assessment of the Board so long as he files, within thirty days, a notice of appeal with the Secretary of the Board and Clerk of the Circuit Court, a bond for costs, and, either files a supersedeas bond, or pays the taxes based on the prior year’s assessment. Such a construction would require that all of these procedures would have to be complied with at the same time for the appeal to be perfected.’
“47 Ala.App. at 5, 249 So.2d at 619.”
(Emphasis omitted; emphasis added.)
Thus, in Shelby County, this Court quoted approvingly an opinion of the Court of Civil Appeals that required a cost bond to be filed within the 30-day statutory period to perfect the appeal. Further, this Court stated 50 years ago:
“The right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and within the time prescribed by the statute. Here, the appeal bond required by § 110 was not filed within the thirty days, so the appeal was not perfected and the bond filed on July 19 was not in time.”
Denson v. First Nat’l Bank of Birmingham, 276 Ala. 146, 148, 159 So.2d 849, 850 (1964) (citations omitted; emphasis added). In 1995, the Court of Civil Appeals quoted this passage from Denson and stated: “[W]e have never held that strict compliance with.a statutory requirement of filing a cost bond in a tax case is not necessary.” *611 Canoe Creek Corp. v. Calhoun Cnty. Bd. of Equalization, 668 So.2d 826, 827 (Ala.Civ.App.1995).
Notwithstanding the above, Lumpkin asks us to reject Shelby County ⅛ approval of Crenshaw insofar as it would apply to cost bonds and also to reject predecessor cases like Denson and Canoe Creek. Lumpkin argues in this Court, as he did in opposing the motion to dismiss in the trial court, that similarly constructed notice-of-appeal statutes have not been interpreted to make the filing of a cost bond a jurisdictional requirement. Instead, he contends, cases construing those similar statutes have treated the failure to file a cost bond as a procedural lapse that can be cured even after expiration of the statutory time within which to file the notice of appeal.
Rule 7, Ala. R.App. P., adopted in 1975, states that “in civil cases security for costs on appeal shall be filed with the notice of appeal by the appellant in the trial court.” Although failure to file the cost bond con-temporaneouslywith the notice of appeal is a procedural error, such omission does not forfeit the appeal but may be corrected on motion or notice by the court. The Committee Comments to Rule 7 state:
“It is intended that the security shall be deposited with the filing of the notice of appeal, but the failure to file such security contemporaneously is not fatal to the jurisdiction of the appellate court. The failure to file such security would be the subject of appropriate action upon notice on motion or notice by the court itself.”
(Emphasis added.)
A year after adoption of the Rules of Appellate Procedure, this Court stated: “[T]he failure to give security for costs is not fatal to appellate jurisdiction.” Bryan v. Brown, 339 So.2d 577, 579 (Ala.1976). Filing of a cost bond, therefore, though required by the appellate rules, is not a jurisdictional requirement subject to the time period for filing the notice of appeal. Under the practice prior to the adoption of the appellate rules, “[t]he taking of an appeal [was] perfected upon the filing of a good and sufficient surety for costs of appeal.” Taylor v. Major Fin. Co., 292 Ala. 643, 649, 299 So.2d 247, 251 (1974). See also Cooper v. Acuff, 285 Ala. 437, 439, 233 So.2d 223, 224-25 (1970) (“The decisions of this Court are uniform to the effect that the appeal dates from the proper filing of security for costs.”). Today that requirement is relaxed.
“Before [the Alabama Rules of Appellate Procedure], it was the filing of security for costs which perfected the appeal and fixed the appellate court’s jurisdiction in reviewing decrees from circuit courts. Tit. 7, § 766, Code of Alabama (1940) (Recompiled 1958). The rule is now that the failure to give security for costs is not fatal to appellate jurisdiction, but it is the timely filing of a notice of appeal that is jurisdictional.”
Mallory v. Alabama Real Estate Comm’n, 369 So.2d 23, 25 (Ala.Civ.App.1979).
In Mallory, the appeal in question, as in this case, was not to the higher appellate courts and thus was not governed by the Alabama Rules of Appellate Procedure. Nonetheless, the Court of Civil Appeals stated: “Of course the appeal in question is not governed by the [Alabama Rules of Appellate Procedure] but is instead purely statutory. We, however, feel that the principle embodied in the [Alabama Rules of Appellate Procedure] can be applied by analogy to the statute before us.” 369 So.2d at 25. Also, the appeal in Mallory, like the one in this case, was from an administrative agency- — in that case the Alabama Real Estate Commission — to the circuit court.
In Finch v. Finch, 468 So.2d 151 (Ala. 1985), this Court held that the filing fee for an appeal taken from the probate court to *612 the circuit court did not have to be paid within the 42-day appeal period specified in § 12-22-21(5), Ala.Code 1975. “[Although payment of a filing fee is required,” we stated, “we do not find a jurisdictional defect in this case for failure to pay the fee within the time allowed for the appeal.” 468 So.2d at 154. “[I]n view of the practice of the higher appellate courts that only timely notice of appeal is jurisdictional,” this Court reversed the judgment of the circuit court dismissing the appeal. Id. Along the same lines, in Luce v. Huddleston, 628 So.2d 819 (Ala.Civ.App.1993), the Court of Civil Appeals held that filing a cost bond beyond the period allowed for filing a notice of appeal from the district court to the circuit court was not a fatal jurisdictional defect, even though the statute at issue there mentioned security for costs and the notice-of-appeal deadline in the same paragraph. The relevant statute, § 12-12-70(a), Ala.Code 1975, states, in pertinent part:
“Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within H days from the date of the judgment or the denial of a posttrial motion, whichever is later ... together with security for costs as required by law or rule.”
(Emphasis added.) The court noted, citing Mallory, that “the principles found in Rule 7, [Ala.] R.App. P., can be applied.” Luce, 628 So.2d at 820. Surveying other statutes that do not consider the filing of a cost bond as a jurisdictional requirement, the court stated:
“Timely posting of security is not required in appellate cases, nor in probate to circuit court appeals, nor in misdemeanor conviction appeals from district to circuit court. To require contemporaneous posting of security for costs with the appeal from district to circuit court would be to continue a vestige from an earlier era of strict pleading and practice.”
628 So.2d at 820 (emphasis added). See also State Dep’t of Human Res. v. Funk, 651 So.2d 12, 14 (Ala.Civ.App.1994) (citing Luce and noting that the cost-bond requirement is not mentioned in the section of the appeal statute, § 41-22-20, Ala. Code 1975, that states the time limit for filing a notice of appeal from the Department of Human Resources to the circuit court); Penick v. Southpace Mgmt., Inc., 121 So.3d 1015, 1019 (Ala.Civ.App.2013) (quoting Luce for the proposition that “failure to pay costs or give security in lieu of costs within the time frame allowed for filing an appeal was not a jurisdictional defect” in an appeal from the district court to the circuit court). This Court has also favorably cited Luce. See Womack v. Estate of Womack, 826 So.2d 138 (Ala.2002) (quoting Luce for the proposition that a cost bond is not jurisdictional and applying that rationale to an appeal from probate court to circuit court).
That the legislature can expressly distinguish between a jurisdictional and a nonjurisdictional requirement for perfecting an appeal is evident in § 40-2A-7(b)(5), Ala.Code 1975 (amended effective October 1, 2014), which governs appeals to the circuit court from tax assessments of the Alabama Department of Revenue. This statute removes all uncertainty as to which requirements for taking an appeal are jurisdictional and which are procedural. The statute requires the taxpayer to file a “notice of appeal within 30 days from the date of mailing or personal service, whichever occurs earlier, of the final assessment with both the secretary of the department and the clerk of the circuit court in which the appeal is filed.” § 40-2A-7(b)(5)b.l. (emphasis added). The next paragraph is equally forthright: “If the appeal is to circuit court, the taxpayer, also within the S0-day period allowed for *613 appeal, shall do one of the following: ... File a supersedeas bond-The superse-deas bond ... shall be conditioned to pay ... any court costs relating to the appeal....” § 40-2A-7(b)(5)b.2. (emphasis added). After further stating for clarity that these requirements “are jurisdictional,” § 40-2A-7(b)(5)e.l., the statute, in § 40-2A-7(b)(5)c.2., then allows the taxpayer 30 days after a court order to remedy any unsatisfied requirements in § 40-2A-7(b)(5)b.2.[9]
The above-cited authority indicates that the filing of a cost bond is no longer a jurisdictional requirement for perfecting an appeal unless the statute pursuant to which the appeal is being taken expressly requires that the bond be filed within the period for filing the notice of appeal. Under these circumstances and to harmonize the construction of appeal statutes by the appellate courts, I would construe the appeal-bond requirement in § 40-3-25 as procedural and not jurisdictional. When he first became aware of the bond requirement from the State’s motion to dismiss, Lumpkin immediately filed the bond. Admittedly the filing was 17 months late, but this Court has held that when a statute does not compel filing a cost bond within the time stated for filing the notice of appeal, the bond should be filed “within a reasonable time.” Ex parte Doty, 564 So.2d 443, 446 (Ala.1989). In determining reasonableness, the trial court should consider prejudice to the agency “and any excusable neglect.” Id.
Because Denson and Crenshaw predate the 1975 adoption of the Alabama Rules of Appellate Procedure — and considerable authority since 1975 has undermined their reasoning — I would reverse the trial court’s dismissal of Lumpkin’s appeal and hold that his failure to file a cost bond in the time allotted for filing the notice of appeal is a procedural, and thus curable, defect that does not affect the jurisdiction of the trial court to hear the appeal. As the Court of Civil Appeals stated in 1982, less than 10 years after adoption of the Alabama Rules of Appellate Procedure: “Myriad changes have been made in the past decade in an attempt to eliminate, or soften the effect of, ultra technical rules of civil trial and appellate procedures.... ” Hand v. Thornburg, 425 So.2d 467, 469 (Ala.Civ.App.1982) (quoted in Luce, 628 So.2d at 820). In construing appeal statutes, we should not continue to perpetuate “a vestige from an earlier era of strict pleading and practice.” Luce, 628 So.2d at 820. Instead, we should adopt, as stated in Mallory and Finch, the philosophy of the Alabama Rules of Appellate Procedure “to disregard technicality and form in order that a just, speedy and inexpensive determination of every appellate proceeding on its merits may be obtained.” Committee Comments to Rule 1, Ala. R.App. P.
Additionally, by construing a statute to create a jurisdictional barrier to an appeal to the circuit court from an administrative agency, we should be mindful of Art. I, § 13, Ala. Const. 1901 (“That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law_”).

Conclusion

I would reverse the dismissal of Lump-kin’s appeal and remand this case to the trial court to consider Lumpkin’s late filing of a cost bond as a procedural, and not a jurisdictional, defect.

. Section 40-2A-7 was originally enacted in 1992 as part of the Taxpayers’ Bill of Rights. Section 40-3-25, by contrast, was enacted in 1939 and has remained unchanged since that date.