249 So.2d 617

**STATE of Alabama and The Board of Tax Equalization of Butler County, Alabama, and M. H. Sellers and Glenn J. Huggins, as Members of said Board**

v.

**F. W. CRENSHAW.**

**3 Div. 16.**

Court of Civil Appeals of Alabama.

June 3, 1970.

Rehearing Denied June 24, 1970.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for appellants.

Poole & Poole, Powell & Hamilton, Williamson & Taber, Greenville, for appellee.

BRADLEY, Judge.

This case arose as an appeal from a decision of the Board of Tax Equalization of

Butler County pursuant to the provisions of Title 51, Section 109, Code of Alabama 1940, as Recompiled 1958, fixing the ad valorem tax assessment of the property owned by F. W. Crenshaw, a resident of Butler County.

Crenshaw filed notice of appeal to the Circuit Court of Butler County on July 18, 1969, with a copy being served on the Secretary of the Board of Equalization, and a bond for costs also being filed. There was, however, no supersedeas bond filed with the Circuit Court.

The State of Alabama was made a party appellee by order of the trial court, and appellees thereupon filed a motion asking the trial court to dismiss the appeal on the ground that appellant had failed to perfect his appeal to said court from the order of the Board of Equalization (hereinafter called Board), as required by Title 51, Section 110, Code of Alabama 1940, as Recompiled 1958.

The trial court, after consideration, denied the motion, and then proceeded to try the issues presented by the appeal before a jury. The jury returned a verdict in favor of the taxpayer and the appellees appealed to this court.

Appellees below, appellants here, filed thirteen assignments of error with the record made below, but there is only one real issue raised by them, and it is that the trial court erred in refusing to dismiss the appeal taken from the assessment of the Board of Equalization to the Circuit Court because said appeal was not perfected pursuant to the provisions of Section 110, supra.

Section 110 of Title 51, supra, provides, in pertinent part, as follows:

"All appeals from the rulings of the board of equalization fixing value of property shall be taken within thirty days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with clerk of the circuit court, and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs and the taxpayer or the state shall have the right to demand a trial by jury by filing a written demand therefor, within ten days after the appeal is taken. When an appeal is taken the taxpayer shall pay the taxes due as fixed for assessment for the preceding tax year before the same becomes delinquent, and upon failure to do so, the court upon motion ex mero motu must dismiss the appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk of the circuit court in double the amount of taxes, payable to the state of Alabama, conditioned to pay all taxes, interest and costs due the state, county or any agency or subdivision thereof. * * "

As stated before, appellee-taxpayer being dissatisfied with the 1969 tax assessment placed on his property by the Board, filed notice of appeal therefrom within 30 days after the assessment became final, as provided by Section 110, supra, and also filed a bond for the costs of the appeal, but did not file a supersedeas bond. The taxpayer did, subsequently, tender payment of the taxes based on the 1968 assessment to the Tax Collector of Butler County, but the Tax Collector refused to accept the taxes. His objection to accepting them was that the 1968 taxes had been paid, and the 1969 taxes were not due and payable.

However, the taxes, based on the previous year's assessment (1968), were paid to the Tax Collector in open court on the day of the trial, October 15, 1969.

Appellee contends that this appeal was perfected according to the requirements of Section 110, supra, i. e., the taxes, based on the previous year's assessment, were paid before they became delinquent, and the appeal should not have been dismissed.

Ad valorem taxes are due and payable on October 1 of each year, and become de-

linquent on January 1 of the following year. Title 51, Section 23, Code of Alabama 1940, as Recompiled 1958.

On the other hand, appellants say that the appeal should have been dismissed because Section 110, supra, requires, as a condition to the perfecting of an appeal, that either a supersedeas bond in double the amount of the taxes be filed with the court at the time the appeal is taken, or that the taxes, based on the previous year's assessment be paid to the tax collector at the time the appeal was taken to the Circuit Court.

In the present case, there was no supersedeas bond filed with the Circuit Court, and the taxes were not paid until October 15, 1969, which is some three months after the appeal was taken to the trial court, but before the taxes became delinquent.

All of which meant, according to appellants, that the appeal was not perfected as required by Section 110, supra, and it should have been stricken on proper motion.

The Supreme Court in State v. Ide Cotton Mills, 175 Ala. 539, 57 So. 481, and reiterated in Ex parte State, 252 Ala. 149, 39 So.2d 669, held:

"The right of appeal in such proceedings is a right conferred by statute, and must be exercised in the mode and within the time prescribed by the statute."

And, it also said in Ex parte State, supra, that:

"It is within legislative competency to require the payment of taxes as a condition precedent to an action questioning the amount of taxes due."

See also Sparks v. Brock & Blevins, Inc., 274 Ala. 147, 145 So.2d 844.

A consistent construction of the wording of Section 110, supra, keeping in mind the rules set out in State v. Ide Cotton Mills and Ex parte State, supra, would be that a taxpayer may perfect an appeal from a final assessment of the Board so long as he files, within thirty days, a notice of appeal with the Secretary of the Board and Clerk of the Circuit Court, a bond for costs, and, *either* files a supersedeas bond, or pays the taxes based on the prior year's assessment. Such a construction would require that all of these procedures would have to be complied with at the same time for the appeal to be perfected.

Such a construction of Section 110, supra, according to appellants, is not only logical, but also gives effect to the principle set out in Ex parte State, supra, which says that the Legislature can require the payment of taxes as a condition precedent to an action questioning the assessment of taxes.

Appellants also suggest that such a construction has been placed on Section 110, supra, by the Supreme Court of Alabama in the case of State v. Golden, 283 Ala. 706, 220 So.2d 893, which is based on a factual situation almost identical to that presented by the case at bar, and there the Supreme Court said:

"Finally, the wording of the statute is clear, if a taxpayer is dissatisfied with the assessment made by the County Board of Equalization, as a condition to taking his appeal he must either file a supersedeas bond or pay the taxes due as fixed for assessment for the preceding year. * * * A reasonable construction of the statute is to require the payment of taxes in order to perfect the appeal and the taxes should have been paid at the time of taking the appeal. * * * Here the appellee was required by Section 110, Title 51, as a condition to appeal to pay taxes on the 1964 assessment of $3,200."

However, the Supreme Court in State v. Golden, supra—whether deliberately or inadvertently, we do not know—did not comment on the phrase "before the same becomes delinquent," which leaves us with two possible conclusions: (1) that the court deemed a literal interpretation of this language to be inconsistent with the other provisions of said statute and to give it effect would weaken the principle previous-

ly enunciated that the payment of taxes is a condition precedent to the questioning of an assessment made by the taxing authorities; or (2) the court simply did not believe the factual situation before it called for a construction of that particular phrase of Section 110, supra.

Appellee contends that the Supreme Court erred in *Golden*, supra, by not giving effect to the phrase "before the same becomes delinquent," because this provision really gives a dissatisfied taxpayer two methods for taking an appeal. One way is to file notice with the Board and the Clerk, give bond for costs, and file a supersedeas bond; the other way would be to take all of the above steps, except in the place of the filing of a supersedeas bond, the taxpayer would simply pay the taxes based on the prior year's assessment.

In the one instance, all steps would be accomplished at one time, whereas in the other instance—the payment of the taxes—the last step in the process could be delayed for approximately six months, and, in such a situation, the trial could have been held and a judgment rendered, all before the taxes are required to be paid. Yet, that is precisely what the Legislature authorized to be done in very simple, concise and, we think, cogent language.

Under appellee's theory, it could be asked, what happens to the principle that the taxes must be paid as a condition precedent to questioning the assessment? Also, it could be asked, what is the purpose of requiring the payment of taxes based on the prior year's assessment, if the payment of the taxes is not an essential step in perfecting the appeal?

It is submitted that the answer to both questions could be that it was the intent of the courts and Legislature to require the payment of some taxes, not only to enable the assessment to be questioned, but also to assure that there would be funds available to operate the government; for it is arguable that everyone contesting his assessment could file a supersedeas bond, thereby

reducing the tax revenue, and severely handicapping governmental operations.

Yet, the language used in Section 110, supra, "before the same becomes delinquent" is so clear that we must conclude that it has some relevant meaning; otherwise, why did the Legislature use it?

Our Supreme Court said, in Smith v. Smith, 266 Ala. 118, 94 So.2d 863, that:

"In construing a statute, every word and section thereof must be given effect, if possible, and construed with other sections in pari materia."

We are, therefore, of the opinion that the Legislature by the use of this phrase, intended to give a taxpayer the opportunity of delaying the payment of his taxes beyond the time limit for performing the other procedures required to perfect an appeal from a contested ad valorem tax assessment; and it is our further opinion that the trial court acted properly in overruling appellant's motion to dismiss the appeal filed by the taxpayer in the Circuit Court for the reason that the taxes were paid before the same became delinquent.

This case is hereby affirmed.

Affirmed.

THAGARD, P. J., recuses himself.

WRIGHT, J., concurs specially.

WRIGHT, Judge (concurring).

I concur in the opinion of Judge Bradley. However, I do not believe this opinion can be reconciled with that of *Golden*, supra. It is recognized that this Court has no authority to overrule or change a decision of the Supreme Court of this State. We cannot do so in this instance, even though we respectfully believe the holding in *Golden* that "a reasonable construction of the statute is to require the payment of taxes in order to perfect the appeal and the taxes should have been paid at the time of taking the appeal. * * *" is incorrect.

If this Court holds in favor of appellant—State of Alabama on the authority of the *Golden* decision, I consider its effect to be that our decision could not likely be reviewed by certiorari by the Supreme Court. However, if we hold in accord with our conviction, that the trial court should be affirmed, we squarely present a question for review by certiorari—our holding is contrary to a decision of the Supreme Court. Thus, that Court is presented with an opportunity to review the decision of *Golden.*

I believe that the legislature did not intend in Title 51, Section 110, Code of Alabama 1940, to require that payment of taxes after protest of assessment, be a condition of perfecting an appeal to circuit court.

Section 110 clearly provides for the method of perfecting the appeal before there is any mention of payment of taxes or filing of supersedeas.

No appeal statute requires the filing of supersedeas for perfection of appeal. That is always the choice of the appellant. Supersedeas bond merely prevents collection or performance of a judgment by issuance of execution as required by appropriate statute.

If the legislature had intended the payment of assessment as a condition precedent to perfecting an appeal in Section 110, it could easily have said so. Instead it provided for taking the appeal and then stated *"When* an appeal is taken the taxpayer shall pay the taxes due as fixed for assessment for the preceding tax year *before the same becomes delinquent,* and upon failure to do so, *the court* upon motion ex mero motu *must dismiss the appeal,* unless at the time of taking the appeal the taxpayer has executed a supersedeas bond * * *.*" (Emphasis ours.)

It appears clear to me that the above quoted provisions of Section 110 means that the appeal has been perfected and is before the circuit court and will remain so until the taxes become delinquent—to-wit—after December 31 of the tax year—as provided by Title 51, Section 189. If the matter is not tried before January 1, nor the taxes, based on preceding years assessment paid before that date, then the appeal, *previously perfected* and fully before the court, will be dismissed on motion ex mero motu. How could an appeal be before the court for dismissal if conditions precedent to perfection had not been fulfilled?

Our interpretation is further supported by the proviso in the section that the appeal must be dismissed—"Unless *at the time of taking the appeal* the taxpayer has executed a supersedeas bond." (Emphasis ours.) It appears obvious that the purpose of the legislature in enacting the last provisions of this statute was to insure that taxes would either be paid by the appellant, as by all other taxpayers—*before becoming delinquent,* or that security be provided that they would be paid if judgment was rendered.

Any other interpretation would require an appealing taxpayer to pay taxes before they even became due. Such a requirement would place a greater burden upon an appealing taxpayer than upon others. This could be done, but we do not believe the legislature intended to do so. It would confuse the record keeping of the tax collector, who is not otherwise lawfully authorized to accept taxes before they become due. The tax collector was confused in this case and refused to accept the tender of taxes by appellant based on preceding year assessment.

I am committed to the belief that the legislature by using the word "When" in stating, "When an appeal is taken * * *" intended it to mean *after.* This interpretation is completely supported by the full reading of the statute.

I respectfully submit that the holding in State v. Golden requires reconsideration and clarification by the Supreme Court. Our decision in this case is the only immediate means available to this end.

I concur in the opinion.