STUART, Justice.
Edwin B. Lumpkin, Jr., appeals the orders of the Jefferson Circuit Court dismissing three cases he had initiated challenging property-tax assessments made by the Jefferson County Board of Equalization and Adjustments (“the Board”). We affirm.
I.
Lumpkin owns and operates Metro Mini Storage, a chain of self-storage facilities with locations throughout the Birmingham metropolitan area. In 2012, Lumpkin received notice from Jefferson County regarding the assessed value of three of his properties located in that county. One property was valued at $1,268,000; three contiguous parcels constituting another location were valued at $131,600, $130,000, and $142,700, respectively; and six more contiguous parcels at a third location were *600 valued at $312,000, $243,500, $854,300, $657,500, $493,200, and $397,900, respectively. Believing the assessed values of these properties to be too high, Lumpkin elected to protest their valuation, and, on August 16, 2012, the Board heard his arguments. On October 18, 2012, the Board issued its rulings on Lumpkin’s three appeals, granting him relief only as to the first property, on which the assessed value was lowered from $1,268,000 to $995,400.
On November 16, 2012, Lumpkin, acting pro se, filed three appeals in the Jefferson Circuit Court (one for each of the three locations), arguing that the Board’s decisions did not reflect the true market value of the properties and that a reduction in assessed value was warranted based on the evidence he had presented. Such appeals are governed by § 40-3-25, Ala.Code 1975, which provides, in pertinent part:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs, and the taxpayer or the state shall have the right to demand a trial by jury by filing a written demand therefor within 10 days after the appeal is taken. When an appeal is taken, the taxpayer shall pay the taxes due as fixed for assessment for the preceding tax year before the same becomes delinquent; and, upon failure to do so, the court upon motion ex mero motu must dismiss the appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk of the circuit court in double the amount of taxes, payable to the State of Alabama, conditioned to pay all taxes, interest, and costs due the state, county, or any agency or subdivision thereof.”
Lumpkin’s notices of appeal, submitted within 30 days of the Board’s final decisions, were timely filed; however, Lump-kin did not file the bonds required by § 40-3-25 until April 4, 2014 — in response to the State’s March 17, 2014, motions moving the trial court to dismiss Lump-kin’s appeals based on his failure to file those bonds. Lumpkin, who had retained counsel in August 2013, opposed the State’s motions to dismiss, arguing that he had now paid the bonds and that the failure to do so earlier should not be considered a jurisdictional defect; however, on April 16, 2014, the trial court entered an order of dismissal in each of the three cases. On May 28, 2014, Lumpkin appealed those judgments to this Court.
II.
The trial court dismissed the underlying cases based on Lumpkin’s failure to file the bonds required by § 40-3-25. Thus, the trial court effectively determined that it lacked subject-matter jurisdiction over the cases. See Ex parte Shelby Cnty. Bd. of Equalization, 159 So.3d 1 (Ala.2014) (noting that a challenge to a trial court’s ruling on a motion to dismiss for failing to comply with the requirements of § 40-3-25 presented a “question of subject-matter jurisdiction”). In Neuman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003), this Court set out the standard of review for a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in review *601 ing a ruling on. a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
III.
Lumpkin adequately states the issue before this Court in these appeals as follows:
“Whether the requirement for payment of security for costs in [§ 40-3-25] is procedural (an interpretation that is consistent with other areas of appellate practice) or jurisdictional, and therefore required to perfect an appeal.”
Lumpkin’s briefs, at p. 4.[1] He argues that § 40-3-25 is ambiguous with regard to whether the required bond must be paid within the 30-day period for taking an appeal from a ruling of the board of equalization; therefore, he argues, this Court should apply the rules of statutory construction, which rules, he argues, mandate a holding that the bond does not have to paid within that 30-day period. In support of his argument, Lumpkin notes that the filing of a bond is generally considered to be a procedural requirement, as opposed to a jurisdictional requirement, in other appellate proceedings, including general appeals to this Court or to the Court of Civil Appeals, appeals to a circuit court from a district court, and appeals to a circuit court from decisions of state agencies such as the Alabama Real Estate Commission and the Department of Human Resources. He further argues that the bond serves no purpose because taxpayers are required to pay their court costs and their taxes while any appeal is pending and that the legislature has generally indicated that tax statutes should be liberally construed to allow disputes to be decided on their merits.
However, approximately one month before Lumpkin filed these appeals, this Court released its opinion in Ex parte Shelby County Board of Equalization, in which this Court considered the language of § 40-3-25, determined it to be unambiguous, and held that the failure to timely comply with its plain-language requirements resulted in the failure to invoke the trial court’s jurisdiction. The specific issue in Ex parte Shelby County Board of Equalization was whether the notice of appeal had to be filed with the secretary of the board of equalization (as well as the circuit court) within 30 days of the final assessment — not whether the required bond had to be filed within that same time frame — but our opinion made clear that all the requirement of § 40-3-25 had to be timely met in order to properly invoke the trial court’s jurisdiction. Specifically, we stated:
“The Board maintains that, pursuant to § 40-3-25, a taxpayer, in order to timely challenge a final tax assessment, must file a notice of appeal with both the secretary of the Board and the clerk of the circuit court within 30 days of the final assessment being challenged. No notice of appeal was filed by Central Shelby [LTD.] with the secretary of the Board; although the Board received a copy of the notice from the Shelby Circuit Court clerk, that notice was not mailed to or received by the Board until after the 30-day period had elapsed. On the other hand, Central Shelby counters that its timely filing of its notice of appeal with the circuit clerk was sufficient to invoke the trial court’s subject-matter jurisdiction even though the Board indisputably did not receive ‘notice’ of Central Shelby’s appeal within 30 days of the date of the final assessment. It further contends that because the statutory requirement of ‘notice’ to the Board appears in a separate sentence, *602 the 30-day time frame for taking the appeal does not apply to the notice to the Board.
“This Court has stated that, in applying a Code section:
“ ‘ “ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ”
“ ‘Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)); see also Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n, 589 So.2d 687, 689 (Ala.1991); Coastal States Gas Transmission Co. v. Alabama Pub. Serv. Comm’n, 524 So.2d 357, 360 (Ala.1988); Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984); Dumas Bros. Mfg. Co. v. Southern Guar. Ins. Co., 431 So.2d 534, 536 (Ala.1983); Town of Loxley v. Rosinton Water, Sewer, & Fire Protection Auth., Inc., 376 So.2d 705, 708 (Ala.1979). It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).’
“DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala. 1998).
“The initial sentence of § 40-3-25 clearly establishes a 30-day time frame for appealing the Board’s final assessment to the circuit court. The sentence that follows provides that, in order to perfect the appeal, the requisite notice of appeal must be filed with both the Board and with the circuit clerk. In light of the plain language of the Code section, this Court finds persuasive the Board’s reliance on the analysis of the Court of Civil Appeals in State v. Crenshaw, 47 Ala.App. 3, 249 So.2d 617 (1970), in which, in considering the identical language of the predecessor statute to § 40-3-25, that court explained:
“ ‘[A] taxpayer may perfect an appeal from a final assessment of the Board so long as he files, within thirty days, a notice of appeal with the Secretary of the Board and Clerk of the Circuit Court, a bond for costs, and, either files a supersedeas bond, or pays the taxes based on the prior year’s assessment. Such a construction would require that all of these procedures would have to be complied with at the same time for the appeal to be perfected.’
“47 Ala.App. at 5, 249 So.2d at 619. See, e.g., Ex parte State Dep’t of Revenue, 102 So.3d 396, 398-99 (Ala.Civ.App.2012) (interpreting a similar provision in § 40-2A-9(g), Ala.Code 1975, as ‘requiring] the party appealing from [an administrative law judge’s] order to file a notice of appeal with both the [Alabama Department of Revenue’s Administrative Law Division] and the circuit court within 30 days of the entry of the ... order’); State Dep’t of Revenue v. Welding Eng’g *603 & Supply Co., 452 So.2d 1340, 1342 (Ala. Civ.App.1984) (concluding that former § 40-2-22, Ala.Code 1975, which provided for taxpayer appeals from assessments by the department of revenue, ‘clearly provides that a timely filing of a notice of appeal with the secretary of the department is one of the prerequisites which must be met by a taxpayer in order to perfect an appeal to the circuit court from the department’s final tax assessments,’ that such filing ‘is a jurisdictional requirement, and [that] there must be compliance with it before a circuit court has jurisdiction over the subject matter,’ and stating that, ‘if such a notice of appeal is not filed with the secretary of the department within thirty days from the entry of the final tax assessment, the taxpayer’s appeal to the circuit court should be dismissed’).
“Central Shelby argues that it properly invoked the trial court’s jurisdiction by taking the underlying appeal to the appropriate circuit court within 30 days of the challenged final assessment. But that is not what § 40-3-25 or the foregoing authorities require. Central Shelby faults the circuit clerk for her alleged untimely mailing of the notice of appeal to the secretary of the Board. However, the Code section clearly charges the appealing taxpayer with the responsibility of filing the notice of appeal with the secretary of the Board.
“ ‘The right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and within the time prescribed by the statute.’ Denson v. First Nat’l Bank, 276 Ala. 146, 148, 159 So.2d 849, 850 (1964). See also Canoe Creek Corp. v. Calhoun Cnty. Bd. of Equalization, 668 So.2d 826, 827-28 (Ala.Civ.App.1995) (finding, where the appeal bond required by § 40-3-25 was not filed within the 30-day period, that the appeal of a final tax assessment to the circuit court was not perfected); Welding Eng’g, 452 So.2d at 1342-43 (‘When the legislature has prescribed the means and method of perfecting an appeal from a tax assessment to the circuit court, that procedure must be followed.’); Coughlin v. State, 455 So.2d 17, 18 (Ala.Civ.App.1983), aff'd, 455 So.2d 18 (Ala.1984) (‘The rule is that the right to appeal in a tax proceeding is a right conferred by statute and must be exercised in the manner and within the time required by the statute.’); State v. Colonial Refrigerated Transp., Inc., 48 Ala.App. 46, 50, 261 So.2d 767, 770 (Ala. Civ.App.1971) (same). Here, § 40-3-25 plainly prescribes that a notice of appeal from a final assessment of the Board must be filed with both the circuit court and the secretary of the Board within 30 days; clearly, both did not occur in this case.
“As a result of Central Shelby’s failure to comply with the provisions of § 40-3-25, its appeal was not perfected and the trial court’s jurisdiction was never invoked. Therefore, the appeal was due to be dismissed as the Board requested.”
159 So.3d at 4 (emphasis omitted). The Court of Civil Appeals has similarly interpreted § 40-3-25 when considering the exact issue we now confront. See Canoe Creek Corp. v. Calhoun Cnty. Bd. of Equalization, 668 So.2d 826, 827 (Ala.Civ. App.1995) (“[W]e have never held that strict compliance with a statutory requirement of filing a cost bond in a tax case is not necessary.”). We now adhere to our previous holding in Ex parte Shelby County Board of Equalization and reaffirm that the unambiguous language of § 40-3-25 mandates that the required bond be filed within 30 days after the final decision fixing the assessed valuation in order to perfect an appeal pursuant to that statute.
*604 We note, however, Lumpkin’s argument, echoed in Chief Justice Moore’s dissent, that similarly constructed notice-of-appeal statutes have not been interpreted to make the filing of a cost bond a jurisdictional requirement. We recognize that the filing of a bond is considered to be a procedural requirement as opposed to a jurisdictional requirement in many other appellate proceedings, including general appeals to this Court or the Court of Civil Appeals, appeals to a circuit court from a district court, and appeals to a circuit court from decisions of certain state agencies. However, it must be recognized that the basis of each of those types of appeals stems from a statute other than § 40-3-25, and, although in some cases the relevant statutes are similar, they are never identical, and the language of each statute must be interpreted individually. Indeed, the cost-bond requirements for appeals to this Court and the Court of Civil Appeals are governed not by statute but by the Alabama Rules of Appellate Procedure, and the Committee Comments to Rule 7, Ala. R.App. P., specifically provide that “[i]t is intended that the security [for costs] shall be deposited with the filing of the notice of appeal, but the failure to file such security contemporaneously is not fatal to the jurisdiction of the appellate court.” This Court has interpreted Rule 7 accordingly. See Bryan v. Brown, 339 So.2d 577, 579 (Ala. 1976) (“Rule 7, however, pertains only to costs on appeal, and the failure to give security for costs is not fatal to appellate jurisdiction.”).
Moreover, the other right-of-appeal statutes cited by Lumpkin, many of which have admittedly been interpreted by the appellate courts as not requiring the cost bond to be filed within the defined period for taking the appeal, generally also have such explicit language stating that the filing of the bond is not jurisdictional or, at least, have differences in their language and construction so as to render the statute ambiguous on that point, thus allowing a court to interpret the statute pursuant to the standards for doing so. For example, in Mallory v. Alabama Real Estate Commission, 369 So.2d 23 (Ala.Civ.App.1979), the Court of Civil Appeals held that the requirement in § 34-27-38, Ala.Code 1975, that a bond be filed when appealing a decision of the Alabama Real Estate Commission to the circuit court was merely procedural. However, the language of § 34-27-38 at that time provided:
“ ‘Findings made by the commission are deemed conclusive, unless within 30 days after notice of the decision of the commission has been given to an applicant or accused, said applicant or accused shall appeal said finding or ruling to the circuit court of the county of his residence. In the event of such an appeal, the circuit court shall hear the same de novo. Such appeal shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken. Any party taking an appeal shall post a satisfactory bond in the amount of $200.00 with the clerk of the circuit court, with at least one solvent surety, conditioned to prosecute such appeal to effect and, upon failure to do so, to pay all costs and damages which may be adjudged against said party by the circuit court on such appeal....’”
369 So.2d at 24 (emphasis omitted). Thus, § 34-27-38 unambiguously provided that the appeal “shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken.” Notably, § 34-27-38 did not require the contemporaneous completion of any other act to perfect the appeal — only the filing of a notice of appeal with the appropriate circuit court — although it thereafter stated that “[a]ny party taking an appeal shall post a satisfactory bond in the amount of $200.00.” Based *605 on this language, the Court of Civil Appeals was at liberty to apply the philosophy of the Alabama Rules of Appellate Procedure and to hold that the posting of the bond was a procedural requirement because the statute did not dictate otherwise:
“Of course the appeal in question is not governed by the [Alabama Rules of Appellate Procedure] but is instead purely statutory. We, however, feel that the principle embodied in the [Alabama Rules of Appellate Procedure] can be applied by analogy to the statute before us. Section 34-27-38, Code of Alabama (1975) provides that ‘appeal shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken.’ Although the statute contains other language which requires an appellant to post a $200 bond and have the bond approved by the circuit clerk, the appeal is perfected and jurisdiction of the circuit court attaches upon the filing of a notice of appeal. The posting of a satisfactory bond of $200 is merely procedural.”
369 So.2d at 25.
In contrast, the first sentence of § 40-3-25 provides that “[a]ll appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter.” The next sentence of the statute explains how such an appeal is taken: “The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs.... ” Thus, whereas § 34-27-38 required only one act to take the appeal— the filing of a notice of appeal with the circuit court — § 40-3-25 requires multiple acts to take the appeal: 1) the filing of a notice of appeal with the secretary of the board of equalization; 2) the filing of a notice of appeal with the circuit court; and 3) the filing of a bond with the circuit court. Thus, based on the different language employed by the legislature in these two statutes, they have been properly interpreted to hold that the filing of a cost bond was not required to perfect an appeal made pursuant to § 34-27-38 but is required to perfect an appeal made pursuant to § 40-3-25.
Lumpkin has also cited Ex parte Doty, 564 So.2d 443 (Ala.1989), in which this Court interpreted § 25^-95, Ala.Code 1975, and held that the requirement of that statute that the appealing party file notice of his or her appeal with the director of the Department of Industrial Relations was procedural only and need not be completed within the 10-day period for appealing a decision of that department’s board of appeals. However, the language and structure of § 25-4-95 is fundamentally similar to § 34-27-38 and was therefore subject to being similarly interpreted:
“ ‘Within ten days[2] after the decision of the Board of Appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant. ... In such action, the notice of appeal need not be verified, but shall state the grounds upon which a review is sought. A copy shall be served upon the director or upon such person as the *606 director may designate (and for the purpose hereof, mailing a copy addressed to the director at Montgomery by registered or certified mail shall be deemed service on the director), and such service shall be deemed completed service on all parties
564 So.2d at 445 (emphasis omitted). Thus, § 25-4-95 provides that an aggrieved party “may secure a judicial review” of a decision made by the department’s board of appeals merely by “by filing a notice of appeal in the circuit court of the county of the residence of the claimant” within the 10-day (now 30-day) period required by the statute. No other action is explicitly required to “secure a judicial review,” and the other action later required by the statute is merely incidental to securing that appellate review, that is, it is procedural as opposed to jurisdictional. Section 25-4-95 is distinguishable from § 40-3-25.
We next consider Finch v. Finch, 468 So.2d 151 (Ala.1985), cited by Chief Justice Moore in his dissent. In Finch, this Court held that the filing fee for an appeal taken from the probate court to the circuit court did not have to be paid within the 42-day appeal period specified in § 12-22-21(5), Ala.Code 1975. “[Although payment of a filing fee is required,” we stated, “we do not find a jurisdictional defect in this case for failure to pay the fee within the time allowed for the appeal.” 468 So.2d at 154. This case is akin to Mallory and Ex parte Doty however, inasmuch as the relevant statutes governing the appeal did not indicate that the payment of a filing fee was a jurisdictional requirement to the taking of the desired appeal. Rather, the Finch Court explicitly noted that neither § 43-2-354, Ala.Code 1975, which grants an appeal to the circuit court from a judgment of a probate court, nor §§ 12-22-20 and -21, Ala.Code 1975, which grant the general right to take an appeal from the probate court to the circuit court, “provide[] for the procedure to be followed in taking the appeal.” 468 So.2d at 152. Thus, the Finch Court was not constrained by any statutory language from applying the more lenient view generally applied by the appellate courts operating under the Alabama Rules of Appellate Procedure that “only timely notice of appeal is jurisdictional.” 468 So.2d at 154. Moreover, Finch further recognized that § 12-22-25, Ala.Code 1975, explicitly provides that “ ‘the filing of security for costs is not a jurisdictional prerequisite’ ” to an appeal to a circuit court of a probate court decision. 468 So.2d at 154.
Finally, we consider State Department of Human Resources v. Funk, 651 So.2d 12 (Ala.Civ.App.1994). In that case, the Department of Human Resources argued that the trial court erred in failing to dismiss an appeal of a decision made by its administrative hearing officer because the appellant had not filed the required cost bond within the 30-day period allowed for taking such an appeal. The statute governing that appeal, § 41-22-20, Ala.Code 1975, provided as follows at that time:
“ ‘(b) Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency....
[[Image here]]
“‘(d) The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under section 41-22-17, within 30 days after the decision thereon. The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review. ...’”
651 So.2d at 14. The Court of Civil Appeals ultimately held that there was no *607 jurisdictional requirement that the cost bond be filed within the 30-day period for perfecting an appeal; however, in doing so it distinguished the case from Baird v. State Department of Revenue, 545 So.2d 804 (Ala.Civ.App.1989). In Baird, the Court of Civil Appeals interpreted § 40-2-22, Ala.Code 1975, the statute governing the appeal of a Department of Revenue decision, and held that “[a] separate and distinct condition [precedent to perfecting an appeal] is the payment of the assessment or the filing of a supersedeas bond_”[3] 545 So.2d at 806. The Funk court distinguished Baird by noting that, in Funk, the statute governing the appeal — § 41-22-20 — failed to mention the cost bond in the subsection setting forth the 30-day period for initiating an appeal, instead providing only that “ ‘[t]he notice of appeal or review shall be filed within 30 days.’ ” 651 So.2d at 14. Accordingly, the Court of Civil Appeals concluded that “nothing in the above-cited statute suggests that posting security for costs within the statutory time limit is a jurisdictional requirement for perfecting an appeal.”[4] Id. Thus, the Court of Civil Appeals’ decision in Funk was based on the different language and structure of § 41-22-20, whereas the statute in the instant case— § 40-3-25 — is clearly more similar to § 40-2-22, which was interpreted in Baird and acknowledged in Funk to mandate the payment of the required bond within the 30-day period allowed for appeal.
However, although Mallory, Ex parte Doty, Finch, and Funk are distinguishable based on differences in the statutory language, Luce v. Huddleston, 628 So.2d 819 (Ala.Civ.App.1993), is more problematic.[5] In Luce, the Court of Civil Appeals interpreted § 12-12-70(a), Ala.Code 1975, and held that filing a cost bond beyond the period allowed for filing a notice of appeal from a district court to a circuit court was not a fatal jurisdictional defect. Section 12-12-70(a) provides in pertinent part that “[a]ny party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of- a posttrial motion, whichever is later ... together with security for costs as required by law or rule.” This language and structure is materially similar to § 40-3-25 inasmuch as both statutes include, in the same paragraph setting forth the time limit for taking the appeal, a requirement that the notice of appeal and cost bond be filed together. However, despite these similarities, the Court of Civil Appeals in Luce interpreted language in § 12-12-70(a) to conclude that the required cost bond did not have to be filed within the statutory time for taking an appeal, while in Canoe Creek Corp., supra, the Court of Civil Appeals interpreted the similar language in § 40-3-25 to conclude that the required cost bond did have to be filed within the statutory time *608 for taking an appeal — even while citing Luce.[6]
However, upon reviewing these cases, it is apparent that if there is any error, the error is in Luce. In concluding that the cost bond required by § 12-12-70(a) could be filed outside the time for taking the appeal, the Court of Civil Appeals in Luce cited Bryan and the Alabama Rules of Appellate Procedure, Finch and other cases involving an appeal from a probate court to a circuit court, and Mallory. As already explained, the Alabama Rules of Appellate Procedure do not apply to appeals from a district court to a circuit court, and Finch and Mallory are distin- , guishable. Nevertheless, after reviewing these cases, the Luce court concluded:
“Nothing in the above-cited statutes and cases suggests that posting security for costs within the statutory time limit for appeal is a jurisdictional requirement for perfecting appeal. Timely posting of security is not required in appellate cases, nor in probate to circuit court appeals, nor in misdemeanor conviction appeals from district to circuit court. To require contemporaneous posting of security for costs with the appeal from district to circuit court would be to continue a vestige from an earlier era of strict pleading and practice.”
628 So.2d at 820. However, the Luce court failed to recognize why timely posting of security is not required in these cases — timely posting is not required in appellate cases because the Alabama Rules of Appellate Procedure do not require it, and it is not required in appeals from a probate court to a circuit court because the language of § 12-22-25, Ala.Code 1975, explicitly provides as much.[7] The Court of Civil Appeals erred by concluding that, *609 because timely posting of security is not required in this small subset of cases, it is not required in other types of cases that are reliant on different statutes. In fact, whether a mandated cost bond is required to be filed within the statutory period for taking an appeal always depends , on the language of the applicable statute authorizing that particular appeal.
Thus, in the case before us involving § 40-3-25, which is unambiguous, that statute is the only statute relevant to our inquiry. For the reasons explained herein and previously in Ex parte Shelby County Board of Equalization and Canoe Creek Corp., we hold that a party aggrieved by a decision of a county board of equalization fixing the assessed value of his or her property must file the cost bond required by § 40-3-25 within the 30-day period after the board of equalization’s final decision fixing the assessed valuation in order to perfect an appeal to the circuit court. The language of § 40-3-25 leaves us no room to hold otherwise, and it would be inconsistent with our judicial role to attempt to supersede the statute by applying the philosophy of the Alabama Rules of Appellate Procedure in spite of clear statutory language to the contrary. As we reiterated in Ex parte Shelby County Board of Equalization:
“ ‘It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers.’ ”
159 So.3d at 3 (quoting DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998) (emphasis omitted)).[8]
IV.
Lumpkin appeals the orders of the trial court dismissing three appeals he had initiated challenging property-tax assessments made by the Board of property he owned in Jefferson County. However, because Lumpkin’s appeals are governed by § 40-3-25 and because he failed to comply with all the requirements of § 40-3-25 for perfecting his appeals, the trial court properly dismissed the cases. We affirm.
1130999 — AFFIRMED.
1131000 — AFFIRMED.
1131001 — AFFIRMED.
BOLIN, PARKER, SHAW, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., and MURDOCK, J., dissent.

. Lumpkin filed substantially identical briefs in all three appeals.

. Effective July 1, 1995, this period was changed to “30 days.” In all other respects the quoted language is the same.

.Section 40-2-22 at that time read as follows:
" 'If any taxpayer against whom an assessment is made by the department of revenue ... is dissatisfied ..., he may appeal ... by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court of the county to which the appeal shall be taken within 30 days from the date of said final assessment ... and, in addition thereto, by giving bond conditioned to pay all costs to be filed with and approved by the clerk or register of the court to which the appeal shall be taken.
545 So.2d at 805 (emphasis omitted).

. Funk also relied in part upon Luce v. Huddleston, 628 So.2d 819 (Ala.Civ.App.1993), which is discussed infra.

. The Court of Civil Appeals reaffirmed its holding in Luce as recently as 2013 in Penick v. Southpace Management, Inc., 121 So.3d 1015 (Ala.Civ.App.2013).

. In Canoe Creek Corp., the Court of Civil Appeals distinguished Luce by noting that it "did not involve an appeal in a tax case.” 668 So.2d at 827.

. The Luce court also stated that timely posting of security was not required in appeals of misdemeanor convictions from the district court to the circuit court because, it held, § 12-12-70(b), Ala.Code 1975, provides that "the filing of an appeal bond is not a jurisdictional requirement.” 628 So.2d at 820. In support of that conclusion, Luce cited Ex parte Buckner, 435 So.2d 1197, 1197 (Ala. 1982), which held:
"Under § 12— 12 — 70(b) it is only a 'bond required by law or rule' that must accompany the notice of appeal. Yet, the State has cited no law or rule requiring a bond to perfect an appeal. We must conclude that the filing of an appeal bond is not a jurisdictional requirement for appeal of a misdemeanor conviction from district to circuit court. This holding is consistent with the practice in the former county courts, where the purpose of the appeal bond was 'not to confer jurisdiction on the circuit court but to enable the defendant to release himself from custody pending the appeal,' Ex parte Rodgers, 12 Ala.App. 218, 226, 67 So. 710, 713 (1915) (construing Code 1907, § 6725, Code 1940, Tit. 13, § 349, Repealed by Acts 1975, No. 1205, § 4-134). Similarly, our holding is consistent with present practice in appeals of misdemeanor convictions from circuit to appellate courts, for which Code of Ala. 1975, § 12-22-171, makes posting bail discretionary with the defendant at any time pending the appeal.”
At the time Ex parte Buckner was decided, § 12-12-70(b) provided that " ‘[a] defendant may appeal from a final judgment in a criminal case by filing notice of appeal, together with any bond required by law or rule, within 14 days from the date of judgment or the date of a posttrial motion, whichever is later, unless the appeal is to an appellate court.' ” 435 So.2d at 1197. However, the State in Ex parte Buckner cited no law or rule requiring a bond to perfect an appeal, and its argument accordingly was unsuccessful. In 1986, § 12-12-70(b) was amended to its current form, which provides that "[a] defendant may appeal from a final judgment of the district court in a criminal ... case by filing notice of appeal within 14 days from the date of judgment or from the date of denial of a post-trial motion, whichever is later, together with such bond as may be fixed by the court....” (Emphasis added.)

. Having concluded that § 40-3-25 is unambiguous, it is unnecessary to consider Lump-kin's arguments that the bond required by § 40-3-25 serves no purpose or that tax statutes should be liberally construed to allow disputes to be decided on their merits.