THOMPSON, Presiding Judge.
On April 16, 2014, the State Department of Revenue (“the department”) entered a final assessment of $8,961.66 against Tan *281 ner & Guin, LLC, for an alleged failure to pay business-income tax in 2012. Tanner & Guin appealed that assessment, presumably within the 30 days allowed by former § 40-2A-7(b)(5)a., Ala.Code . 1975, which was part of the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act (hereinafter “the ATBOR”), § 40-2A-1 et seq., Ala.Code 1975. Former § 40-2A-7(b)(5)a. provided that “[a] taxpayer may appeal from a final assessment entered by the department by filing a notice of appeal with the Administrative Law Division within 30 days from the date of entry of the final assessment....”[1]
We note that on March 11, 2014, new legislation amending the ATBOR, including § 40-2A-7, was approved. That legislation, among other things, created the Alabama Tax Tribunal (“the tax tribunal”) and established the tax tribunal, rather than the department’s administrative law division, as the body to which appeals of final assessments such as the one at issue in this matter would be taken. See Act No. 2014-146, Ala. Acts 2014. The relevant provisions of Act No. 2014-146 became effective on October 1, 2014, but the new legislation specified that it applied to pending tax disputes such as this one. See Act No. 2014-146, § 5, now codified at § 40-2B-3, Ala.Code 1975.[2] It appears that, in accordance with the foregoing, Tanner & Guin’s appeal to the administrative law division was transferred to the tax tribunal, which conducted.a hearing. On May 4, 2015, the tax tribunal issued a decision in .which it affirmed the department’s tax assessment against Tanner & Guin.
On June 2, 2015, Tanner & Guin appealed the decision of the tax tribunal to the Tuscaloosa Circuit Court (“the circuit court”) pursuant to § 40-2B-2(m), Ala. Code 1975. On June 23, 2015, the department filed a motion to dismiss in the circuit court. In its motion to dismiss, the department argued that, in addition to requiring that a party wishing to appeal a decision of the tax tribunal file a notice of appeal in the circuit court, § 40-2B-2(m) also requires that a copy -of the notice of appeal be submitted to the tax tribunal within 30 days- of its decision. In support of its motion to dismiss, the department submitted the June 23, 2015, affidavit of Dana Raybon, the custodian of records for the tax tribunal, in which Raybon testified that Tanner & Guin had not filed “a notice of appeal to the circuit court” with the tax tribunal. In its motion to dismiss, the department argued that the requirements of § 40-2B-2(m) for taking an appeal of a decision of the tax tribunal were jurisdictional.
. Tanner & Guin opposed the motion to dismiss. In its opposition to the motion to dismiss, Tanner & Guin argued that, pursuant to § 40-2B-2(b)(5)c.l., Ala.Code 1975, a section of the ATBOR, it sent the *282 secretary for the department a copy of its notice of appeal to the circuit court. In support of that assertion, Tanner & Guin submitted to the circuit court documentation indicating that a package, presumably containing a notice that it had appealed to the circuit court, from Tanner & Guin was delivered to the department on June 3, 2015. Tanner & Guin also submitted to the circuit court evidence indicating that a package from it was delivered to the tax tribunal on June 25, 2015; Tanner & Guin argued before the circuit court, and argues before this court, that the package delivered to the tax tribunal on June 25, 2015, was its notice to the tax tribunal of its appeal to the circuit court. The department does not assert that those packages did not contain copies of Tanner <& Guin’s notice of appeal to the circuit court, and we presume those copies were contained in the packages.
On July 27, 2015, the circuit court entered an order denying the department’s motion to dismiss Tanner & Guin’s appeal to that court. On August 14, 2015, the department filed a petition for a writ of mandamus in this court, arguing that the circuit court lacked jurisdiction over Tanner & Guin’s appeal and asking this court to order the circuit court to vacate its July 27, 2015, order and to enter a judgment dismissing the appeal to that court.
In its petition for a writ of mandamus, the department argues that Tanner & Guin was required by § 40-2B-2(m), which governs appeals of the decisions of the tax tribunal, to serve the tax tribunal with notice of its appeal to the circuit court within 30 days of the tax tribunal’s decision and that that requirement is jurisdictional. Section 40-2B-2(m) provides, in pertinent part:
“(1) Other than an application for rehearing to the Alabama Tax Tribunal, the exclusive remedy for review of any final or other appealable order issued by the Alabama Tax Tribunal shall be by appeal to the appropriate circuit court.
“(2) The taxpayer, a self-administered county or municipality whose tax is within the jurisdiction of the Alabama Tax Tribunal, or the Department of Revenue may appeal to circuit court from a final or other appealable order issued by the Alabama Tax Tribunal by filing a notice of appeal with the appropriate circuit court uñthin 30 days from the date the final or other appealable order was entered. A copy of the notice of appeal shall be submitted to the Alabama Tax Tribunal within the 30-day appeal pen-ad. The Alabama Tax Tribunal shall thereafter prepare a record on appeal. ...”
(Emphasis added.) According to the department, because Tanner & Guin failed to submit a notice to the tax tribunal of its appeal to the circuit court within 30 days of the tax tribunal’s final decision, Tanner & Guin’s appeal to the circuit court was not perfected and, according to the department, the circuit eourt lacks jurisdiction to consider the appeal.
In its petition for a writ of mandamus, the department cites caselaw for general propositions concerning statutory interpretation. See, e.g., Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001) (“Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.”); and State Dep’t of Revenue v. Medical Care Equip., Inc., 737 So.2d 471, 473 (Ala.Civ.App.1999) (“In order to invoke the trial court’s jurisdiction in a tax appeal, the taxpayer must strictly comply with the statute that governs the procedures for that appeal.”). The department contends that because § 40-2B-2(m)(2) specifies that the notice *283 of appeal “shall” be served on the tax tribunal within 30 days, that requirement is jurisdictional. However, in its petition for a writ of mandamus, the department does not address how the courts have treated arguments similar to those asserted in this petition with regard to other, similar tax statutes.
In Ex parte Shelby County Board of Equalization, 159 So.3d 1 (Ala.2014), the board in that case moved to dismiss an appeal taken pursuant to § 40-3-25, Ala. Code 1975, because the taxpayer in that case had not filed a notice of appeal with both the circuit court and the secretary for the board. The trial.court in that case denied the motion to dismiss, but our supreme court granted the board’s petition for a writ of mandamus, concluding that the taxpayer had failed to properly perfect its appeal. Section 40-3-25 provides, in relevant part, that, in order to appeal the board’s final decision, within 30 days “[t]he taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court....” In that case, the taxpayer had filed a notice of appeal only with the circuit court, which had mailed a copy of the notice of appeal to the board after the expiration of the 30 days specified in' § 40-3-25. In reaching its holding, the court stated:
“The initial sentence of' § 40-3-25 clearly establishes a'30-day time frame for appealing the Board’s final assessment to the circuit court. The sentence that follows provides that, in order to perfect the, appeal, the requisite notice of appeal must-be filed with both''the Board and with the circuit clerk. 'In light of the plain language of the Code section, this Court finds persuasive the Board’s reliance on the analysis of the Court of Civil Appeals in State v. Crenshaw, 47 Ala.App. 3, 249 So.2d 617 (1970), in which, in considering the iden-tical'language of the predecessor statute to § 40-3-25, that court explained:
“ ‘[A] taxpayer may perfect an appeal from a final assessment of the Board so long as he files, within thirty days, a notice of appeal with the Secretary of the Board and' Clerk of the Circuit Court, a bond for costs, and, either files a supersedeas bond, or pays the taxes based on the prior year’s assessment. Such a construction would require that all of these procedures would have to be complied with at the same time for the appeal to be perfected.’
“47 Ala.App. at 5,249 So.2d at 619. See, e.g., Ex parte State Dep’t of Revenue, 102 So.3d 396, 398-99 (Ala.Civ.App.2012) (interpreting a similar provision in § 40-2A-9(g), Ala.Code 1975, as ‘requiring] the party appealing from [an administrative law judge’s] order to file a notice of appeal with both the [Alabama Department of Revenue’s Administrative Law Division] and the circuit court within 30 days of the entry of the ... order’); State Dep’t of Revenue v. Welding Eng’g & Supply Co., 452 So.2d 1340, 1342 (Ala.Civ.App.1984) (concluding that former § 40-2-22, Ala.Code 1975, which provided for taxpayer appeals from assessments by the : department of revenue, ‘clearly provides that a timely filing of a notice of appeal with the secretary of the department is one of the prerequisites which must be met by a taxpayer in order' to perfect an. appeal to the circuit, court from the department’s final tax assessments,’ that such filing ‘is a jurisdictional - requirement, and- [that] there must be compliance with it before a circuit court has jurisdiction over the subject matter,’ and stating-that, ‘if such a notice of appeal is not filed with the *284 secretary of the department within thirty days from the entry of the final tax assessment, the taxpayer’s appeal to the circuit court should be dismissed’).
“[The taxpayer] argues that it properly invoked the trial court’s jurisdiction by taking the underlying appeal to the appropriate circuit court within 30 days of the challenged final assessment. But that is not what § 40-3-25 or the foregoing authorities require. [The taxpayer] faults the circuit clerk for her alleged untimely mailing of the notice of appeal to the secretary of the Board. However, the Code section clearly charges the appealing taxpayer with the responsibility of filing the notice of appeal with the secretary of the Board.”
Ex parte Shelby Cnty. Bd. of Equalization, 159 So.3d at 3-4.
Later, in Lumpkin v. State, 171 So.3d 599 (Ala.2014), our supreme court again discussed the requirements of § 40-3-25 for appealing a decision of a board of equalization. In that case, Lumpkin timely filed the notices of appeal with the circuit court and the secretary of the board of equalization from three separate decisions assessing a tax liability against him, but he did not file the bonds for the security for costs required by § 40-3-25 until approximately one year later. Lumpkin argued that the payment of security for costs was not jurisdictional.’ Our supreme court recognized that, generally, the filing of a cost bond is considered to be a procedural rather than a jurisdictional requirement. Lumpkin, 171 So.3d at 613. However, the court noted that when a cost bond is not jurisdictional, the statute either explicitly provides that the requirement for a bond is not jurisdictional or the language of the statute allows the courts to interpret the requirement as procedural. Id. The court concluded that the specific language of § 40-3-25 required that the security cost bond be filed within the 30 days allowed for taking an appeal, explaining, in part:
“[I]n Mallory v. Alabama Real Estate Commission, 369 So.2d 23 (Ala.Civ.App.1979), the Court of Civil Appeals held that the requirement in § 34-27-38, Ala. Code 1975, that a bond be filed when appealing a decision of the Alabama Real Estate Commission to the circuit court was merely procedural. However, the language of § 34-27-38 at that time provided:
‘“Findings made by the commission are deemed conclusive, unless within 30 days after notice of the decision of the commission has been given to an applicant or accused, said applicant or accused shall appeal said finding or ruling to the circuit court of the county of his residence. In the event of such an appeal, the circuit court shall hear the same de novo. Such appeal shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken. Any party taking an appeal shall post a satisfactory bond in the amount of $200.00 with the clerk of the circuit court, with at least one solvent surety, conditioned to prosecute such appeal to effect and, upon failure to do so, to pay all costs and damages which may be adjudged against said party by the circuit court on such appeal.... ’
“369 So.2d at 24 (emphasis omitted). Thus, § 34-27-38 unambiguously provided that the appeal ‘shall be taken by the filing of notice of appeal with the .clerk of the circuit court of the county to which the appeal is taken.’ Notably, § 34-27-38 did not require the contemporaneous completion of any other act to perfect the appeal — only the filing of a notice of appeal with the appropriate *285 circuit court — although it thereafter stated that ‘[a]ny party taking an appeal shall post a satisfactory bond in the amount of $200.00.’ Based on this language, the Court of Civil Appeals was at liberty to apply the philosophy of the Alabama Rules of Appellate Procedure and to hold that the posting of the bond was a procedural requirement because the statute did not dictate otherwise:
“‘Of course the appeal in question is not governed by the [Alabama Rules of Appellate Procedure] but is instead purely statutory. We, however, feel that the principle embodied in the [Alabama Rules of Appellate Procedure] can be applied by analogy to the statute before us. Section 34-27-38, Code of Alabama (1975) provides that “appeal shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken.” Although the statute contains other language which requires an appellant to post a $200 bond and have the bond approved by the circuit clerk, the appeal is perfected and jurisdiction of the circuit eourt attaches upon the filing of a notice of appeal. The posting of a satisfactory bond of $200 is merely procedural.’
“369 So.2d at 25.
“In contrast, the first sentence of § 40-3-25 provides that ‘[a]ll appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter.’ The next sentence of the statute explains how such an appeal is taken: ‘The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs.... ’ Thus, whereas § 34-27-38 required only one act to take the appeal — the filing of a notice of appeal with the circuit court — § 40-3-25 requires multiple acts to take the appeal: 1) the filing of a notice of appeal with the secretary of the board of equalization; 2) the filing of a notice of appeal -with the circuit court; and 3) the filing of a bond with the circuit court. Thus, based on the different language employed by the legislature in these two statutes, they have been properly interpreted to hold that the filing of a cost bond was not required to perfect an appeal made pursuant to § 34-27-38 but is required to perfect an appeal made pursuant to § 40-3-25.
“Lumpkin has also cited Ex parte Doty, 564 So.2d 443 (Ala.1989), in which this Court interpreted § 25-4-95, Ala. Code 1975, and held that the requirement of that statute that the appealing party file notice of his or her appeal with the director of the Department of Industrial Relations was procedural only and need not be completed within the [then applicable] 10-day period for appealing a decision of that department’s board of appeals. However, the language and structure of § 25^4-95 is fundamentally similar to § 34-27-38 and was therefore subject to being similarly interpreted:
“ ‘Within ten days after the decision of the Board of Appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant.... In such action, the notice of appeal need not be verified, but shall state the grounds upon which a review is sought. A copy shall be *286 served upon the director or upon such person- as the director may designate (and for the purpose hereof, mailing a copy addressed to the director at Montgomery by registered or certified mail shall be deemed service on the director), and such service shall be deemed completed service on all parties'. .:. ’
“564 So.2d at 445 (emphasis omitted). Thus, § 25-4-95 provides that an aggrieved party ‘may secure a judicial review’ of a decision made by the department’s board of appeals merely by ‘by filing a notice of appeal in the circuit court' of the county of the residence of the claimant’ within the 10-day (now 30-day) period required by the statute. No other action is explicitly required to ‘secure a judicial review,’ and the- other action later required by the- statute is merely incidental to securing that appellate review, that is, it is procedural as opposed to jurisdictional. Section 25-4-95 is distinguishable from § 40-3-25.”
Lumpkin v. State, 171 So.3d at 604-06 (footnote omitted).
Under the analysis set forth in Ex parte Shelby County Board of Equalization, supra, and Lumpkin, supra, it is clear that, under the first sentence of § 40-2B-2(m)(2), a party seeking to appeal a decision of the tax tribunal will perfect the appeal by filing a notice to the circuit court within 30 days of the date of decision of the tax tribunal. The next sentence specifies that a copy of that, notice of appeal must be served on the tax tribunal within the same 30 days. We conclude that the requirement to serve the tax tribunal is procedural in nature rather than jurisdictional. Ex parte Imnpkin, supra. It is clear- that, had it intended that notice to -the tax tribunal be jurisdictional, the legislature could have included that requirement in the first sentence of § 40-2B-2(m)(2). See, e.g., § 40-3-25, Ala.Code 1975 (listing three actions an appellant must take in order to perfect the appeal); Lumpkin, 171 So.3d at 606 (“No other action is explicitly required to ‘secure a judicial review,’ and the other action later required by the statute is merely incidental to securing that appellate review, that is, it is procedural as opposed to jurisdictional.”). We note that, in another case, this court noted that a “[failure to comply with other statutory procedural requirements does not affect the jurisdiction of the court to hear the appeal, but may be ground for sanctions including dismissal of the appeal.” Crawley v. Carter, 378 So.2d 1139, 1141 (Ala.Civ.App.1979). Thus, while Tanner & Guih’s failure to timely notify the tax tribunal of its appeal to the circuit court is not a jurisdictional defect, such procedural noncompliance could subject it to sanctions in the circuit court.
We. also note that, in its petition for a writ of mandamus, the department has argued that, in Act No. 2014-146, the legislature removed a “safe harbor provision” previously available to those appealing a decision of the department’s administrative. law division and that, by doing so, the legislature indicated that the requirements of § 40-2B-2(m)(2) are jurisdictional. Former § 40-2A-9(g), Ala.Code 1975, governed appeals from the department’s administrative law division, which has now been replaced.by the tax tribunal. That section required that a taxpayer appealing a decision of. an administrative law judge was required to file a notice of appeal “with the Administrative Law Division and with the circuit court within 30 days.” Former § 40-2A-9(g)(l)a. Former § 40-2A-9(g)(l)c.l. provided that, if an appeal under subsection (g) was not-timely filed, the circuit court “shall” dismiss the appeal, thereby indicating that the filings required by subsection (g) were jurisdictional. For *287 mer § 40-2A-9(g)(l)c.2. provided, however, that the circuit court could extend the time for complying with the requirements of subsection (g) by an additional 30 days; however, that extension of time has been held to apply only to the payment of security for the appeal and not to the time for actually filing the notices of appeal. See Ex parte State Dept of Revenue, 102 So.3d 396, 401-02 (Ala.Civ.App.2012). It is undisputed that, in enaeting’ § 40-2B-2(m), the legislature did not enact a “safe harbor” provision. Further, in this case, we have held that the requirement in § 40-2B-2(m)(2) that notice be served on the tax tribunal is procedural rather than jurisdictional. Accordingly, although a late filing of the notice to the tax tribunal might expose an appellant to procedural sanctions, it would not require thé application of a “safe harbor” provision because the jurisdiction of the circuit court would not be implicated by a late filing of that notice.
“This Court has consistently held that the writ of mandamus is an extraordinary and drastic, writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 716 So.2d 196, 198 (Ala.1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 615 So.2d 704, 706 (Ala.1987).”
Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000).
The department has failed to demonstrate that the trial court erred in determining it had jurisdiction over Tanner & Guin’s appeal pursuant to § 40-2B-2(m)(2), Ala.Code 1975. Accordingly, it has failed to meet its burden of demonstrating a clear, legal right to the relief it seeks in. its .petition for a writ .of mandamus, and we deny the petition. .
PETITION'DENIED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The materials before this court do not include Tanner & Guin’s notice of appeal to the department’s administrative law division.

. Specifically, § 5 of Act No. 2014-146 provides:
"This act shall apply to (1) all proceedings commenced in the Alabama Tax Tribunal on or after October 1, 2014, and (2) all administrative proceedings commenced pri- or to October 1, 2014, that have not been the subject of a final and irrevocable administrative action as of October 1, 2014, to the extent this act can be made applicable thereto. Any administrative proceeding in which a hearing has commenced prior to the effective date of this act shall be transferred to the Alabama Tax Tribunal, which shall render the decision in such proceeding unless there is a prior settlement. This act shall not affect any proceeding, prosecution, action, suit, or appeal commenced in the judicial branch before its effective date.”
See also § 40-2B-3, Ala.Code 1975.